JACKSON, *ex dem.* WHITLOCKE, *against* MILLS.

THIS was an action of ejectment, brought to recover a house and lot of land, situate in the city of *Hudson.* The case was tried before Mr. Justice *Spencer*, at the *Columbia* circuit, in *August*, 1815.

The plaintiff claimed, under a sheriff's sale, made by virtue of an execution in favour of *John M. Harder*, against one *Richard Osborne*, who was the original owner of the premises. The execution was tested the 13th *October*, 1816, and the sheriff was thereby directed to collect 140 dollars. The judgment upon which it was issued was docketed on the 3d *August*, 1807, and was for the sum of 680 dollars debt, and 13 dollars and 56 cents costs; and the deed from *Reuben Swift*, sheriff of the county of *Columbia*, of the premises in question, to the lessor of the plaintiff, bore date the 15th *February*, 1814. On the bond upon which this judgment was entered, the following endorsement was made at the time of the execution of it, to wit, " one hun-

*Where A. was interested to the amount of 100 dollars, in a judgment recovered by B. against C., and an execution was afterwards issued, at the suit of D. against C., on a junior judgment, under which execution A. purchased the land, as the trustee of B., and took a deed from the sheriff, and immediately conveyed the land to B., by whom the consideration was advanced; and then an execution was issued upon the elder judgment, for the amount for which A. was interested therein, and levied upon the same premises, which were sold*

and conveyed by the sheriff to A., it was held, that A., having executed the trust, by conveying the land to B., when purchased by him at the first sale, was not thereby estopped from subsequently acquiring a title to the same premises, and might recover them, in an action of ejectment, against a person holding under B., and that, although B. forbade the second sale, the conveyance under it was not inoperative; at least, that it could not be inquired into in a collateral action, and could only be determined on a direct application to this court, or to a court of equity.

Where a person takes a deed for land in his own name, but the consideration is advanced by another, a trust results in favour of that other person, which may be proved by *parol*.

NEWYORK, dred dollars of the within bond to be for the benefit of *Thomas*
October, 1816. *Whitlocke*," the lessor of the plaintiff, to collect which sum,
JACKSON with the interest, the above-mentioned execution was issued.
v. Prior, however, to the sale upon that execution, an execution
MILLS, had been issued against the same *Richard Osborne*, on a judg-
ment in favour of some person whose name was not stated in the
case, but which was docketed subsequently to the other judg-
ment, under which the premises were conveyed by *John King*,
then sheriff of *Columbia*, by deed, bearing date before the deed
from *Swift*, to the lessor of the plaintiff, who, at the same time,
conveyed the premises to *Harder*, under whom the defendant
holds. The property, as was proved by *Bingham*, the deputy
sheriff who made the sale, was bid off by the lessor, at the re-
q st of *Harder*, and for his benefit; and was sold subject to
*Harder's* judgment, of which due notice was given by *Harder*
and *Whitlocke*, and the consideration money was paid by *Har-
der*. At the sale under the first-mentioned execution, *Harder*
exhibited the deed to himself, and forbade the sale.

A verdict was taken for the plaintiff, subject to the opinion of
the court, on the above facts, and the cause was submitted to
the court without argument.

SPENCER, J. delivered the opinion of the court. The case of
*Jackson* v. *Steenbergh*, (1 *Johns. Cas.* 153.,) shows that the pa-
rol evidence, given by *Bingham*, was admissible; and it was
proved that *Whitlocke* was the mere trustee of *Harder*, in tak-
ing the sheriff's deed, under the sale on the junior judgment;
and the deed from *Whitlocke* to *Harder* was the mere execution
of his trust. *Harder* only was beneficially entrusted in that
purchase, as it was made for him, and he paid the consideration
money. *Whitlocke* never had any interest under that deed, and,
therefore, his execution of the trust could not operate as an es-
toppel to any title he might thereafter acquire, in his own right,
to the same lands. Independently of the parol evidence, that
the first purchaser was subject to the prior *lien*, the law would
produce that result. *Whitlocke*, then, acquired, by his purchase
under the senior judgment, a title paramount to that of *Harder's*
under the junior judgment, unless *Harder's* forbidding the sale
will render the sale, and deed under it, inoperative. It may be
well questioned whether he could forbid the sale, rightfully, as
*Whitlocke* was interested in it to the amount of 100 dollars. Be

that as it may, a sale actually took place, and the title passed to *Whitlocke* under it, and it is too late to question the sale, at all events, in this collateral way.

The only mode in which that question could arise, would have been on a direct application to this court, or a court of equity, to set aside the deed. The deed being warranted by the judgment and execution, we cannot now entertain the question, how far the sheriff erred in selling, although forbidden by the nominal plaintiff in the execution. The legal title is in the lessor of the plaintiff.

Judgment for the plaintiff.