Curia, per Sutherand, J.
The defendant and those from whom he derives his title, having been parties to the suit in chancery, instituted by the representatives of Ellison, for the foreclosure-of the mortgage given by Harden-burgh to Ellison, are estopped from denying the title of any bona fide purchaser at the sale made under the decree of foreclosure in that cause. If there was any valid defence to that suit, or any equitable ground on which the premises in question were entitled to exemption from the operation of that mortgage, it should have been put forth. Having submitted to those proceedings in silence, the parties defendants to that suit cannot now be heard to impeach the title which resulted from them. (Norris Peake, 98.)
This position seems to be conceded by the counsel for th*e defendant; and he therefore contends, that when Levi Van Keuren, the lessor of the plaintiff, purchased the premises in question at the master’s sale, the title thus acquired enured to the benefit of his grantee, and assigns; so that, "in truth, the defendant's title is also in this manner derived *290 from the deed of the master in chancery, under the decree,, of foreclosure. This is in fact the principal, if not the only point *in the cause. Ruggles, under whom the defendant holds, purchased at .a sale made by Van Keuren and Hardenburgh, as administrators of Nicholas Harden-burgh the elder, in pursuance of an order of the surrogate of "Ulster county. This order was made upon the application of the administrators for the purpose of raising a fund to pay the debts of the intestate ; and by the express terms of the order,-the premises were to be sold, subject,to the Ellison mortgage. The deed executed by the administrators recites the proceedings before the surrogate, and the order of the sale. Ruggles, therefore, was fully-apprised that he purchased subject to the mortgage ;■ and although the deed also contains a personal covenant of seisin, for quiet enjoyment, and a covenant of general warranty, yet those covenants can not, I think, be fairly construed as relating to, or embracing the Ellison mortgage, which, in a previous part of the deed, had been recited as a subsisting incumbrance upon the premises conveyed. (1 Cowen, 126.) Those covenants may have their full operation and effect by being considered as applicable to all other incumbrances except the mortgage; and it is a general rule, that where there is any thing for the warranty to operate upon, the doctrine of estoppel will not apply.
The construction contended for by the defendant, renders the deed contradictory and inconsistent in. its very terms. If it had been the intention of the administrators to protect the purchaser at the sale, made by them, against the mortgage, which by the very terms of the order of sale, was to remain a charge upon the premises sold, they would most probably have resorted to a special covenant, which would clearly and explicitly have expressed that intent; and not •the general covenant of warranty, which, on its face, is inconsistent with the previous recitals in the deed.
I should therefore question whether Ruggles could maintain an action against the administrators upon this covenant, the mortgage having been expressly noticed, as an incumbrance subject to which the purchase was made by them.
*291 But the purchase in this case was madehy Van Keuren, in his individual character; and the covenant was made by him *and his co-administrator; and the doctrine of estoppel does not apply, except between the same parties, acting in the same character. (Jackson v. Mills, 13 John. 463.) (a)
I am therefore of opinion that, under the circumstances of this case, the purchase of the premises in question, made by Van Keuren, did not enure to the benefit of Ruggles, his grantee and his assigns.
If, as the evidence seems to show, the residue of the mortgaged premises, beyond the parcel purchased by Ruggles, was sufficient to have satisfied Ellison’s mortgage, it was in the power of the defendant to have procured the sale of the residue under the decree of foreclosure in the first instance, if he had made a proper statement of his case in answer to the bill. If he should eventually be prejudiced, therefore, it will be attributable to his own neglect.
The plaintiff is entitled to judgment.
Judgment for the plaintiff,

 And vid. 8 Cowen, 565, 587.