## McGEHEE *vs.* RUMP.

[ACTION FOR BREACH OF WARRANTY OF SOUNDNESS OF SLAVE.]

1. *Admissibility of parol evidence to affect bill of sale:*—If the parties to a contract, for the sale or exchange of two slaves, reciprocally execute to each other bills of sale, which show on their face that the transaction was a sale ; and an action is afterwards brought on one of these bills of sale, to recover damages for a breach of the warranty of soundness contained therein,—parol evidence is admissible, to show that the contract was in fact an exchange, and not a sale.

2. *Difference between sale and exchange ; validity of sale of slave by unlicensed negro-trader.*—A contract for the exchange of two slaves, of unequal values, is not converted into a sale, by the payment of a sum of money for the difference of value, and the insertion of a money value as the " consideration in the bill of sale ; and ·on the other hand, if the transaction was really a sale of one of the slaves, which was void by statute, (Code, §§ 399, 400,) because the vendor was an unlicensed negro-trader, the acceptance of another slave, in part payment of the price, could neither change the nature of the contract, nor render it valid.

APPEAL from the Circuit Court of Macon.
·.Tried before the Hon. NAT. COOK.

THIS action was brought by Allen C. McGehee, against James Rump, to recover damages for a breach of warranty of the soundness of a slave named Myra, alleged to have been sold by defendant to plaintiff on the 29th January, 1854. No pleas appear in the record. On the trial, as the bill of exceptions shows, the plaintiff read in evidence, after proving its execution, the bill of sale executed to him, by the defendant, (which is copied in the opinion of the court,) and then adduced evidence tending to show the unsoundness of the slave at the time of the sale. The defendant then read in evidence, after proof of its execution, a bill of sale executed to him by the plaintiff for a slave named Viney, (which is also copied in the opinion of the court,) and proved by one Foster, who was a subscribing witness to both bills of sale, " that they were both signed and delivered on the same day, and at the same time; that he (witness) understood from both parties, at the time, that they had swapped negro girls, and that the defendant gave the plaintiff some $200 difference between the girls." "It was admitted, that the plaintiff, at the time of said trade, was a negro-trader, residing in Columbus, Georgia, and had not taken out a license to sell said girl Viney. This was all the evidence upon the matter, as to whether said trade was a sale or an exchange of slaves. The court thereupon charged the jury, that if said bills of sale were executed at the same time, and were in fact parts of the same transaction, and constituted the transaction, then the contract between the parties, was a sale, and not an exchange of slaves; and that the plaintiff could not, by parol evidence, explain or contradict the bills of sale, so as to show that the transaction evidenced by them was an exchange." To this charge the plaintiff excepted, and he now assigns the same as error.

CLOPTON & LIGON, for appellant, contended—1st, that the transaction between the parties, as evidenced by the bills of sale alone, was an exchange, and not a sale of slaves; and, 2d, that if the bills of sale showed the con-

tract to be a sale, parol evidence was admissible, to show that it was in fact an exchange; citing the following authorities: *Strong v. Gregory*, 19 Ala. 146; *Hamner v. Smith*, 22 Ala. 433; *Saunders v. Saunders*, 20 Ala. 710; *Pollard v. Maddox*, 28 Ala. 321; *Eckles & Brown v. Carter*, 26 Ala. 563.

GOLDTHWAITE, RICE & SEMPLÉ, *contra*, cited *Gunter v. Leckey*, 30 Ala. 591; *Ridgeway v. Bowman*, 7 Cushing, 208; *Small v. Quincey*, 4 Greenl. 497; *Bradford v. Bush*, 15 Ala. 322; *West v. Kelly*, 19 Ala. 353; *Bishop v. Hampton*, 19 Ala. 792; *Bayard v. Malcolm*, 1 Johns. 467; *Brigham v. Rogers*, 17 Mass. 571; *Brooks v. Maltbie*, 4 Stew. & P. 96; *Paysant v. Ware*, 1 Ala. 160; *Hair v. LaBrouse*, 10 Ala. 548; *Spann v. Cole*, 13 Ala. 537.

STONE, J.—This record presents but a single question. The plaintiff was a negro-trader, living in the State of Georgia. He instituted suit to recover of defendant damages for a breach of warranty of soundness of a slave named Myra. The defendant's bill of sale is as follows: "Received from Allen C. McGehee six hundred dollars, for negro girl Myra, twelve years old. The right and title of the said girl I do warrant and defend against the claims of all persons whomsoever, and warrant sound and healthy, both in body and mind; as witness," &c. Cotemporaneously with the execution of this bill of sale by defendant, the plaintiff executed to him a bill of sale, as follows: "Received from James Rump a negro girl by the name of Myra, in part payment, and two hundred dollars in money, full payment for a negro girl Viney, thirteen years old. The right and title of the said slave we do warrant and defend against the claims of all persons whosoever, and warrant sound and healthy, both in body and mind; as witness," &c. Both bills of sale were under seal. The trade was made in Macon county, Alabama; and the plaintiff had obtained no license to sell, or to offer said slave for sale. The defense relied on in the court below was, that the bill

of sale on which the action was founded was executed in the *purchase* of the slave Viney; and that the sale by plaintiff was void as to him, the seller, under section 400 of the Code.—See *Gunter v. Leckey*, 30 Ala. 591. In avoidance of this defense, the plaintiff offered parol proof, tending to show that the real transaction between the parties was an exchange of slaves, and not a sale. The ruling of the circuit court excluded this evidence from the jury, and this presents the sole question for our consideration.

There are few questions of evidence on which more has been said, than that which seeks to vary by parol the terms of a written contract; and we may add, there are few legal questions on which there is a greater conflict of the authorities. As early as 1823, Ch. J. Tilghman characterized the adjudications on this question as a "wilderness of cases;" nor has modern jurisprudence blazed a clear path through that wilderness. We will not attempt the task ourselves, further than may be rendered necessary by the wants of this case.

There is no repugnancy of decision on the general proposition, that parol proof shall not be heard, in a court of law, to vary, enlarge, or diminish the binding obligations of a written contract, as between the parties. In suits on such written contracts, if there be no question of fraud in the execution of the instrument, the parties must stand or fall by the evidence they have furnished of their own contract; and what the terms of that contract are, is a question of law for the court, and not a question of fact for the jury. But, when the question presented is not among the controlling or primary purposes of the writing, but concerns an incident, rather than the direct object and aim of the contract, less stringency of rule has generally been enforced. Here commences the conflict of authorities, which, for the welfare and repose of society, it were well to have reconciled. We think we are in safe bounds, when we assert that, in the advancing history of both England and the most of the States of America, we discover a disposition in the courts rather to relax the rule, than to make it more stringent.

McGehee v. Rump.

The decided weight of the modern authorities, as our after citations will show, is, that the consideration clause of a deed is open to the influence of parol proof, except for two purposes: first, it is not permissible for a party to the deed to prove a different consideration, if such change vary the legal effect of the instrument; and second, the grantor in a deed, who acknowledges the receipt of payment of the consideration, will not be allowed, by disproving that fact, to establish a resulting trust in himself.—*Eckles c. Carter,* 26 Ala. 563; *Belden v. Seymour,* 8 Cow. 304; 4 Phil. Ev. (C. & H. Notes,) edition of 1850, 585.

The phrase, *to vary the legal effect of the instrument,* is certainly not very precise or definite. Deeds usually have a direct effect, which is seen and comprehended as soon as you look upon the instrument; and they frequently have also an indirect or incidental effect, which is brought to view by proof of some outside or extrinsic fact. Does the principle include both, or only the first named of these classes of cases? On principle it would seem obvious, that parties to a deed would have in contemplation the effect of the instrument as a transfer, or muniment of title; and hence, to allow parol proof to vary or add to its provisions or stipulations any term, condition, or fact, which would change either the quality of the title conveyed, or the binding covenants of the grantor, would let in all the mischiefs which the rule under discussion was intended to guard against.—See *Murphy v. Br. Bank,* 16 Ala. 90.

But both principle and authority, as we conceive, proclaim a different rule, when the proof offered does not tend to change the covenants, or to vary the title conveyed by the deed, but simply to repel an inference to be drawn from some extrinsic fact. Such fact is brought to the notice of the court by extrinsic proof, in the absence of which, the deed would be amply operative as a contract of bargain and sale. The parties, in drawing their contracts, are not presumed to have had in view these extrinsic facts; and hence should not be concluded by apparent facts, which, in the absence of the extrinsic fact, have the same legal significance as those which the party seeks to prove.

In speaking of the effect of recitals in deeds, Mr. Green-leaf, after enumerating several classes of these recitals, among which is, " the number of tons in a vessel chartered by the ton," adds—" these are but incidental and collateral to the principal thing, and may be supposed not to have received the deliberate attention of the parties." These, he declares, are not within the rule which excludes parol proof.—1 Greenl. Ev. § 26.

In the notes of Cowen & Hill to Phillipps on Evidence, the principle is thus stated: " The American cases regard the ordinary clause of a deed of conveyance, acknowledg-ing the receipt of the consideration money, as essential, in connection with its other terms, to express the intention in regard to the estate or interest granted or transferred ; and hence, so far, and as between the parties or their privies, it is not open to impeachment, save in equity. But, when the intention in this respect is not disputed, nor the opera-tion of the conveyance, as such, sought to be changed, the clause in question is treated as formal merely, like the date, and may be contradicted or varied by parol."—Vol. 4, ed. of 1850, 583. In another place the same annotators said, "The English decisions, therefore, whatever may be said of their *dicta*, do not appear to have gone beyond the point of disallowing proof to show a consideration of a different species, so as thereby to change the nature of the deed." And they instance the case of a deed, which on its face purported to be a sale for value, and which could not op-erate as such. In such case, the English rule would forbid that the deed should be set up as a voluntary conveyance.— Vol. 4, p. 619 ; see, also, *ib*. 584–5.

In *McCrea v. Purmort*, (16 Wend. 473,) the court of errors of New York, Judge Cowen delivering the opinion, said : " A party is estopped by his deed. He is not to be permitted to contradict it ; so far as the deed is intended to pass a right, or to be the exclusive evidence of a con-tract, it concludes the parties to it. But the principle goes no further." In that case, it was held, that although the deeds to the lands expressed *money paid* as the consid-

eration, it was competent to show that the real consideration was iron of a specified quantity, valued at a stipulated price. The case last cited contains an elaborate discussion of both the principle and the adjudged cases.

In the case of *Gully v. Grubbs*, (1 J. J. Marshall, 387,) the supreme court of Kentucky, speaking of this question, said: "Receipts, and other writings which only acknowledge the existence of a simple fact, such as the payment of money for example, may be susceptible of explanation, and liable to contradiction by witnesses." In the same case it was said, that, "whenever a right is vested, or created, or extinguished, by contract or otherwise, and writing is employed for that purpose, parol testimony is inadmissible to alter or contradict the legal or common-sense construction of the instrument."—See, also, *Jack v. Dougherty*, 3 Watts, 151; *Gale v. Williamson*, 8 Mees. & Welsby, 405; *Mildmay's case*, 1 Rep. 176; *Belden v. Seymour*, 8 Conn. 304; *Harvey v. Alexander*, 1 Rand. 219; *Bullard v. Briggs*, 7 Pick. 533; *Pott v. Todhunter*, 2 Coll. Ch. 76; *Steele v. Worthington*, 1 & 2 Ohio Rep. 350; *Bedell's case*, 7 Rep. 39; *Rex v. Scammonden*, 1 T. R. 474; *Rockhill v. Spraggs*, 9 Ind. 30; *Meeker v. Meeker*, 16 Conn. 387; *Pritchard v. Brown*, 4 N. H. 397; *Morse v. Shattuck, ib.* 229; *Rex v. Lainden*, 8 T. R. 376; 2 Poth. Ob. 181; *Wilkinson v. Scott*, 17 Mass. 257; 2 Hill's Pr. 292; *Stallworth v. Preslar*, 34 Ala. 511; *Tyler v. Carleton*, 7 Greenl. 175; *Burbank v. Gould*, 15 Maine, 118; *Wallis v. Wallis*, 4 Mass. 135; *Gale v. Colmer*, 18 Pick. 397; *Hayden v. Mentzer*, 10 Serg. & R. 329.

We have cited and collated this immense array of authorities, mainly for the purpose of showing the spirit of the rule under discussion. Perhaps such elaboration was not necessary in this case. In the case of *Eckles v. Carter*, (26 Ala. 564,) this court passed on the precise question we are considering, except that the object of the proof in that case was not to repel an illegality, brought to view by extrinsic evidence, but to let in a defense which was otherwise illegal. Much of the reasoning, however, employed

42

in that case, is equally applicable to this ; and we think the
true rule is there stated—namely : "Where the deed is not
impeached (for fraud), we are unable to perceive any rea-
son why any consideration, which is sufficient to support
the deed, may not be shown. In such a case, we see no
middle ground to occupy, and must either hold that the
clause is conclusive, operating by way of estoppel, or must
throw it entirely open to explanation." And this court, in
that case, fully adopted the doctrine of *McCrea v. Purmort,*
and threw open the consideration clause to explanation, in
cases where the deed was not attacked for fraud.

Some of the cases cited above, particularly those from
Maine, Connecticut, and New Hampshire, carry the doc-
trine farther than we need go, and farther than we are in-
clined now to commit ourselves. We cite them, however,
with others, as showing, conclusively, that the doctrine
contended for by appellee is opposed to the weight of au-
thority. That there are authorities opposed to this view,
we will not deny... In some of them, the conflict is more
apparent than real. Many of them state the principle
loosely, while most of them, on a close criticism, may be
reconciled with the principle we have announced. We
cite them that the profession may examine what has appa-
rently been said on the other side of this question.— *Whit-
lock v. Whitlock,* 9 Cow. 270 ; *Garrett v. Stuart,* 1 McC.
514 ; *Betts v. Union Bank,* 1 H. & Gill, 186 ; *Watt v.
Grove,* 2 Sch. & Lef. 500 ; *Bridgman v. Green,* 2 Vesey, sr.
627 ; *Hinde v. Longworth,* 11 Wheaton, 212 ; *Jackson v.
Delancey,* 4 Cow. 427. Most of these cases were marked
by strong badges of fraud, and are therefore within Judge
Goldthwaite's exception, as laid down in *Eckles v. Carter.*

The following authorities relate to a different principle,
and are not in point : *Ridgway v. Bowman,* 4 Cushing,
(Mass.) 271 ; *Small v. Quincey,* 4 Greenl. 497 ; *Coal &
Banking Co. v. Ryerson,* 3 Dutch. 466–7. See, also, 1 Md.
Ch. Dec. 394 ; 2 Tay. Ev. § 818.

Where a deed to lands has been executed, reciting that
the consideration money has been paid, the plain effect of

such deed, unexplained by outside proof, is to vest an absolute and indefeasible title in the purchaser. Yet, on bill filed to assert the vendor's lien, parol testimony is admissible, to show that the purchase-money has not been paid, and thus contradict the recital. This principle is so well settled, that no one now questions it.—See *Saunders v. Hendrix*, 5 Ala. 224; 3 Phil. Ev., C. & H. Notes, (ed. of 1850,) 384. The incidental effect of this proof is, to convert an absolute title into an interest closely akin to that of a mortgagor's equity of redemption. Directly, it does not affect the right and title conveyed by the instrument; but indirectly it defeats it.

So, in this case, the proof made by Mr. Rump—namely, that Mr. McGehee was a negro-trader, without license to sell—did not directly impair or affect the title which Mr. McGehee had conveyed to him, or the covenants contained in that title. The influence it exerted was but an incident. The fact proposed to be proved by the plaintiff was also incidental in its character, and should have been admitted.

[2.] If the spirit and substance of the transaction, *without which no trade would have been made*, was an exchange of slaves, and the money was employed as the means of equalizing the supposed values, then the fact that a money value was inserted in the bills of sale can not convert it into a sale. The practice of inserting a money value in title-deeds, when an exchange only is intended, is convenient, and is believed to be very common. It cannot convert a real exchange into a sale.—See *Gunter v. Leckey*, 30 Ala. 596; Addison on Contr. 154; 1 Parsons Contr. 437, note; *Anon.*, 3 Salk. 157; *Mitchell v. Gile*, 12 N. H. 395; *Vail v. Strong*, 10 Verm. 457. If, on the other hand, the real transaction was a sale, although another piece of property was taken in part payment, then any attempt to screen it from public scrutiny by a pretended exchange would be abortive. Whether this was a sale or an exchange, it is not for us to determine, and we intimate no opinion upon it.

Reversed and remanded.