# Boykin *v.* Pace's Executor.

*Bill of Interpleader by Trustee, against Claimants of Trust Funds.*

1. *Trust construed, as evidenced by receipt of trustee; admissibility of parol evidence to vary.* —A writing signed by T. M. P., in these words: "Received of S. P., senior, $800 in gold, valued at $1,000 in currency, in trust for S P., minor, my brother S. P.'s only living child, to be kept and used for his benefit, to the best of my ability, until he becomes of age, or marries,"—evidences a trust created by the donor, and accepted by the maker as trustee, by which the sum of money specified, with its gains and accretions under the management of the trustee, is vested absolutely in the beneficiary; and on his death before attaining his majority, never having married, a contest arising between the sole distributee of his estate and the personal representative of the deceased donor, parol evidence can not be received to show that the donor intended, in that contingency, that the property should revert to him, or to his estate.

APPEAL from the Chancery Court of Macon.

Heard before the Hon. N. S. GRAHAM.

The original bill in this case was filed on the 19th May, 1879, by Thomas M. Pace, against John W. Pace, as the executor of the last will and testament of Stephen Pace, senior, deceased, and Frank A. Boykin, asking that they be required to interplead and propound their respective claims and interests in and to a certain trust fund in the hands of said complainant, Thomas M. Pace. As to the trust, and the manner in which it was created, the bill only alleged that, "on the 12th January, 1870, Stephen Pace, senior, being a citizen of Macon county, Alabama, delivered to your orator $800 in gold, valued at that time by said Stephen Pace at $1,000 in United States currency, to be held by your orator in trust, and used to the best of his ability, for the benefit of Stephen Pace, junior; that said Stephen Pace, senior, at the time of delivering said sum of money to your orator, instructed him to hold said sum, and to use it as aforesaid, until said Stephen Pace, junior, should either marry or arrive at the age of twenty-one years, and, upon the happening of either of these events, to account to him therefor." It was alleged, also, that said Stephen Pace, junior, was the only child of a deceased son of said Stephen Pace, senior, whose name was likewise Stephen; that said Stephen junior, the beneficiary of the trust, died intestate, unmarried, and under the age of twenty-one years, leaving Frank A. Boykin, his

half-brother, his next of kin and the sole distributee of his estate; that said Stephen senior, the donor, had also died, having executed his last will and testament, which had been duly admitted to probate, and of which said John W. Pate had qualified as executor; and that said executor and the father and guardian of said Frank A. Boykin, he being an infant, each claimed said trust fund.

The defendants each appeared, and answered, propounding his claim and interest; and by consent and agreement, all objections to the form of the bill were waived, and it was admitted to be regularly and properly filed as a bill of interpleader. Boykin, who answered by his guardian *ad litem* appointed by the court, alleged that, " at the time of the delivery of said sum of money to said Thomas M. Pace as trustee, said Stephen Pace, senior, took from him a receipt in writing, expressive of the objects of said trust; which receipt the said Stephen (senior) filed in the office of the probate judge of said county of Macon, and caused to be recorded in the record books of said office; and defendant alleges and insists, that by the delivery of said fund to the said Thomas M. Pace, and by the terms of said paper writing, an absolute and unrestricted estate in said fund was conveyed to, and did vest in said Stephen Pace, junior." This receipt, which was alleged to be lost, and a certified copy from the record made an exhibit to the answer, was in these words : " Received of Stephen Pace, senior, eight hundred dollars in gold, valued at one thousand dollars in currency, in trust for Stephen Pace, minor, my brother Stephen Pace's only living child, to be kept and used for his benefit, to the best of my ability, until he becomes of age, or marries." (Dated January 12th, 1870, and signed by said T. M. Pace.) The answer alleged, also, that the donor of the trust fund never afterwards claimed any interest in it, nor attempted to exercise any control over it, and did not attempt to dispose of it by his will.

The claim of the executor, on the other hand, was thus stated in his answer: " This defendant denies that, by the terms of said written receipt, the said trustee was to pay said sum of money to said Stephen Pace (junior), upon his marriage or arrival at the age of twenty-one years ; and this defendant insists that, by the terms of said written receipt alone, the said Stephen junior was only entitled to such sum as might be expended for him by said trustee until the happening of one or other of the contingencies mentioned in said receipt. And this defendant does insist, that said sum of money in the hands of complainant does of right belong to the estate of his testator, as shown, first, by the terms of

[Boykin v. Pace's Executor.]

said written receipt; and, secondly, by the fact that said receipt was drawn by said complainant, who was entirely unskilled in the drafting of such papers, and failed to fully express the intention of the donor in reference to said gift, in this: that said donor had repeatedly declared, and at the time of the execution of said receipt declared, that his intention was, and he attached and expressed it as a condition of said gift, that if the said Stephen Pace, junior, died before attaining his majority, or marrying, that said sum of money should revert to, and become a part of the estate of said donor; which condition, through the mistake of said complainant, was not incorporated in said receipt; for said Stephen (senior) repeatedly expressed himself as being totally opposed to any part of his property going into the hands of a stranger to his blood; and this in connection with the gift to his said grandson. Wherefore defendant insists, that said fund does of right belong to the estate of his testator."

An account of the trust fund having been stated by the register, showing a balance in the trustee's hands amounting to $1333.43, he paid the money into court, and was discharged by decretal order of the chancellor. The cause was submitted for final hearing, on the part of Boykin, on his answer, the receipt made an exhibit to it, and a copy of the will of the donor; and on the part of the executor, on his answer, and the depositions of Thomas M. Pace, the trustee, and R. G. Herbert. The will of said donor, after bequeathing all of his property, real and personal, to his wife for life, and directing his homestead to be valued at her death, provided that Elkanah Pace, one of his sons, should have it on paying the assessed value; and that the money so paid, and the proceeds of the sale of the residue of his property, should be equally divided among all his children " and grand-children where their parents are dead."

Thomas M. Pace thus testified: "I drew said original receipt, at my own instance, and for my own protection, and dictated its terms. I was a farmer, and had never followed any other occupation, and was not experienced in drafting such instruments. No material fact, intended to be inserted in said instrument, was omitted. Said receipt was only intended to express the amount received, and to release me from any responsibility for any loss of said fund, or any part thereof, if I should be so unfortunate as to lose it whilst I was striving to use it for his benefit. Said fund, or no part thereof, was to be applied to the use and benefit of said Stephen junior, unless he arrived at the age of twenty-one years or married; the gift being conditioned as above expressed. Said receipt was not intended to express what

disposition should be made of said fund, in case the said Stephen died before arriving at lawful age; but the direction that said fund was to take, in the event of his death, was given to me verbally in the presence of R. G. Herbert;" and he proceeded to state these verbal directions, and other declarations made by the donor in reference to the gift and his estate. The defendant Boykin objected to the greater part of this testimony, stating his objections in detail, on the grounds—1st, that it was illegal and irrelevant; 2d, that it was the expression of an opinion by the witness, as to the construction of the receipt, and not the statement of a fact; 3d, that it was an attempt to vary the terms of the writing by parol evidence; and, 4th, that it was incompetent under the statute (Code, § 3058). The chancellor sustained the last objection, and suppressed the testimony, " so far as he testifies to transactions with, or statements made by said Stephen Pace, senior;" but he did not specify the portions thus suppressed, nor did he notice the other objections.

The material portions of the deposition of Herbert are contained in his answers to the third and fourth direct interrogatories, as follows: " I was a subscribing witness to the receipt mentioned. The said Stephen Pace, senior, delivered to said Thomas M. Pace $800 in gold, valued at $1,000 in currency, and directed him to use it to the best advantage for Stephen Pace, minor, only child of Stephen Pace, junior, until the said Stephen (minor) should become of age or marry; and in the event that said minor should die, before he became of age or married, then he wanted the said funds to revert to his estate, for distribution among his children. He further stated, that the said Thos. M. Pace, in the event he should lose the funds thus placed in his hands, was not to be responsible for the same, either to his heirs, or to the said minor. Thos. M. Pace drew the receipt. He was a farmer at the time, and about as skilled in drawing such instruments as farmers generally are. It was not proposed at the request of said Stephen Pace, senior, but was voluntarily given by said Thos. M. Pace, to show the amount and character of the funds thus placed in his hands, and was not intended to show what disposition should be made of the funds in the event of the death of the minor Stephen before he came of age or married. His instructions with regard to the disposition to be made of the funds, were verbal, and are given above in my answer." Boykin objected to these answers, and to the interrogatories calling for them, because the evidence was illegal and irrelevant, and because it sought to vary and contradict the terms of the written receipt; but the chancellor overruled the objections, and held the evi-

dence legal and admissible, citing to this point the following authorities : *Strong v. Gregory*, 19 Ala. 146 ; *Pollard v. Maddox*, 28 Ala. 321 ; *Murchie v. Cook & McNab*, 1 Ala. 41 ; *Simonton v. Steele*, 1 Ala. 357 ; *Newton v. Jackson*, 23 Ala. 355 ; *Brown v. Isbell*, 4 Ala. 1009 ; *Gowen v. Carpenter*, 1 Porter, 359; *Pettus v. Roberts*, 6 Ala. 810.

On consideration of the evidence thus admitted, the chancellor held, on final hearing on pleadings and proof, that the personal representative of the donor, Stephen Pace, senior, was entitled to the fund ; that under the terms of the gift, as shown by the verbal declarations proved by Herbert, the funds reverted to the donor's estate, on the death of the minor before attaining his majority, and without having married ; and that the written receipt, though binding on the trustee as an acknowledgment, could not change the terms of the verbal gift. He cited the following authorities, in addition to those above mentioned : Hill on Trustees, 66, 215 ; *Crompton v. Vasser*, 19 Ala. 259 ; *Caple v. McCollum*, 27 Ala. 461 ; *Bagley v. Votrain*, 68 Illinois, 25 ; 1 Hare, Eng. Ch. 458. The chancellor's decree, and his adverse rulings on the evidence, are now assigned as error by Boykin.

W. F. FOSTER, for the appellant, cited 1 Greenl. Ev. §§ 351–2, 368, 401–02 ; *Vincent v. Rogers*, 30 Ala. 471 ; *Ware v. Barringer*, 1 Ala. 160 ; *Ware v. Cowles*, 24 Ala. 446 ; 11 Mass. 27; 12 Peters, 32, 168 ; *Abercrombie v. Abercrombie*, 27 Ala. 489 ; *Foscue v. Lyon*, 55 Ala. 442 ; *Banks v. Jones*, 50 Ala. 480 ; *Savage v. Benham*, 17 Ala. 119 ; *Higgins v. Waller*, 57 Ala. 396.

S. B. PAINE, *contra*, relied on the authorities cited by the chancellor, and also cited Addison on Contracts, 159–60 ; and *Clements v. Hood*, 57 Ala. 460.

STONE, J.—The paper executed by T. M. Pace to Stephen Pace, senior, bearing date January 12th, 1870, is more than a receipt for money. It is a contract, acknowledging a trust, and imposing duties on T. M., the maker. Its primary object and effect are, to secure to the grand-child, Stephen, of the elder Stephen Pace, the sum of money therein described, together with its gains and accretions. To this extent, the instrument imposed obligations on T. M. Pace, as binding as if its form had been that of a promissory note; with the exception, that it conferred a discretion on him in its investment, which, in law, relieves him from accountability for any loss, that does not result from his negligence or want of good faith.—*McGehee v. Rumph*, 37 Ala. 651 ; *Lyon v. Foscue*, 60 Ala. 468.

This, then, being a contract reduced to writing, parol evidence to vary its contents is inadmissible.—1 Greenl. Ev. 275 ; 1 Brick. Dig. 865, §§ 866 *et seq.* The receipt given by T. M. Pace establishes three propositions clearly : first, that the money was received from Stephen Pace, senior ; second, that it was received "in trust" for Stephen Pace, minor, only living child of Stephen Pace, brother of T. M. Pace ; third, that until Stephen, the minor, became of age, or married, this money was to be "kept and used" by T. M. Pace, for the benefit of the minor, to the best of the said T. M.'s ability. This paper, then. clearly shows *from whom* the money was received—that T. M. was created a trustee of this fund for Stephen, the minor and beneficiary, and that until the said minor became of age, or married, T. M. was to keep and use the money, to the best of his ability, for the benefit of said minor. There is no ambiguity or uncertainty in any of these clauses, unless it be as to which Stephen Pace the money proceeded from. The writing says it was from Stephen Pace, senior. The writing also declares the money was received "in trust for Stephen Pace, minor, my [his] brother Stephen Pace's only living child." Whether this statement indicates there are three persons each named Stephen Pace, or whether its meaning is that Stephen Pace, senior, and Stephen Pace, brother of T. M. Pace, the trustee, are one and the same, it is not necessary we should decide. That, at most, could indicate only that there was a latent ambiguity as to who was the donor of the fund, should that inquiry become material : the old familiar illustration, found in the books, of black-acre and white-acre. This would let in proof, should a material issue be raised upon it, as to which of the elder Stephens gave the money. The ambiguity would extend no farther, and the door for parol proof would be opened no wider. The trust charged on the conscience of T. M. Pace, its duration, and the beneficiary under the trust, are clearly expressed ; and parol proof can not be received to vary or contradict these stipulations. See the full discussion of this principle in *Miller v. Travers,* 8 Bing. 244.

Although the paper was not signed by Stephen Pace senior, yet he accepted it as evidence, and *the evidence,* of the contract he made with T. M. Pace. He was as much bound by its terms as was T. M. Pace, who signed it. One who asserts title under a contract made with him, must take it, in the terms, and under the conditions expressed in it.

The appellant, Boykin, is entitled to the money described in the pleadings. The decree of the chancellor is reversed, and this court proceeds to render the decree which the

[Shorter v. Frazer.]

chancellor should have rendered: It is ordered and decreed that the appellant, Boykin, is entitled to the money mentioned in the pleadings. It is further ordered, that of the money in the hands of the register, there be first paid one-half the costs of this suit incurred in the court below, but this not to include any part of the costs of appeal; the residue of said fund to be paid to said Boykin, or to his proper guardian, if he be still a minor. Let the other half of the costs in the court below, and the entire costs of appeal in that court and in this court, be paid by the administrator of Stephen Pace, the elder.