WILLIAM COLLINS, Respondent, v. J. BARTLETT HYDORN and Another, Appellants, Impleaded with Others, Defendants.

*Res adjudicata — where the same person, in different capacities, is plaintiff in two actions in which the issues, facts and defendants are the same — a judgment in one action concludes him in the other.*

In 1887 one Wiswall began an action, as a judgment-creditor, to set aside as fraudulent certain transfers of property made by Elisha Hydorn. About the same time one Collins, as a judgment-creditor of Hydorn, began a similar action for a similar purpose. While said actions were pending Wiswall made an assignment to Collins for the benefit of his creditors. Collins, having been substituted as plaintiff, continued, as such assignee, the action begun by Wiswall. The defendants were the same in both actions.

Collins' action, as assignee, was tried and was finally decided in the Court of Appeals in favor of the defendants.

Upon the trial of the action brought by Collins, individually:

*Held*, that as both actions depended upon the same facts, were against the same persons and for the same purpose, the judgment against Collins, as assignee, was *res adjudicata* and decisive as to his rights in this action brought by him individually.

That Collins, as assignee for the creditors of Wiswall, was bound to contest Wiswall's action to the best of his ability, and that presumably having done so he could not be allowed to retry the same issues in his own action.

Appeal by the defendants, J. Bartlett Hydorn and Hattie W. Hydorn, from a judgment, entered in the office of the clerk of the county of Rensselaer on the 9th day of June, 1891, adjudging certain conveyances to have been made with intent to hinder, delay and defraud the creditors of one Elisha W. Hydorn, declaring them void; appointing a receiver to sell the real estate thus fraudulently conveyed; directing its sale and an accounting of the rents and profits,

after a trial at the Rensselaer Circuit before the court and a jury, the jury having been subsequently dismissed by the court, which took the case for consideration and thereafter rendered its decision directing the judgment above mentioned.

*C. D. Hudson* and *C. E. Patterson*, for the appellants.

*G. B. Wellington*, for the respondent.

LEARNED, P. J.:

This is an appeal by two of the defendants from a judgment on the decision of the Special Term. The action was brought to set aside certain transfers of real estate as fraudulent and void as against the creditors of Elisha W. Hydorn. The important question in this case is whether the matter is *res adjudicata* in favor of these two defendants.

One George W. Wiswall, about the time of the commencement of the above-entitled action, commenced an action against the same defendants for the purpose of setting aside these same conveyances on the same ground, viz., that they were fraudulent as to creditors. Pending that action the plaintiff Wiswall made an assignment to this present plaintiff Collins for the benefit of Wiswall's creditors. Afterwards that action came on to be tried before the Special Term, and was decided by that court in March, 1890. In that action the court held, as matter of fact, that the conveyances from Elisha W. Hydorn were made for a good, valuable and sufficient consideration, and without any intent to defraud; that they were received by J. Bartlett Hydorn without any intent to defraud the creditors of Elisha; that the conveyances of J. Bartlett Hydorn, through Gilbert M. Greer to Hattie M. Hydorn, were made for a good, valuable and sufficient consideration, and without any intent to. defraud the creditors of Elisha; and that they were received by her without such intent and without any knowledge of any intent to defraud on the part of her grantor. These findings are directly upon the very issues involved in this present case. That case was appealed to the General Term and was there examined, and the judgment was there affirmed November, 1890. (*Collins* v. *Hydorn*, 34 N. Y. St. Rep., 575.) It was appealed to the Court of Appeals and was there affirmed.

This present action was commenced in January, 1887, by plaintiff as a judgment-creditor in his own right; the other action about the same time. It is claimed by defendant that Collins was not only the assignee of Wiswall, but that as a creditor of Wiswall he was beneficially interested in the action after the assignment to him for the benefit of creditors. On this point there seems to be no proof. The defendants make two claims on the subject of *res adjudicata.* First, that all the creditors of Elisha W. Hydorn are privies, through their debtor, to the transaction by which the conveyances were made to the present appellants, and, therefore, are bound through him by the judgment rendered in the case of Collins, assignee. Second, that at least Collins, having been an actual party to that judgment, is bound thereby.

On the second point the plaintiff urges that the decision against him in his representative capacity does not bind him in his own right.

We pass over the first point. In considering the second we may suppose that Wiswall, instead of making an assignment for the benefit of creditors to Collins, had sold absolutely to Collins the judgment against Hydorn and the pending action.

If Collins, then, as assignee of Wiswall (though not for the benefit of creditors), had carried through that litigation, and had been defeated on the very points now at issue, viz., the fraudulent nature of the transactions, would not that judgment have concluded him in the present action? It seems to us that it certainly would. As between Collins and these defendants it would have decided the questions of fact. And to permit him to litigate these questions again would be contrary to settled doctrine and unjust. To show how strong the rule is, we need only cite *Griffin* v. *Long Island Railroad Company* (102 N. Y., 449) and cases mentioned in the opinion.

Of course, Collins might have been defeated in the former action on some other ground, as, for instance, that Wiswall was not a judgment-creditor, or that his debt had been paid. But there is no such escape here. The very questions of fraudulent conveyances in all their particularity were passed upon and the judgment was affirmed in both appellate courts.

Now, the only question is, can this general and most excellent rule be evaded on the ground that Collins, in the one suit, was

assignee for creditors; in the other, was creditor himself. What difference does this make? He was under the highest obligation to contest the matter in the other action to the best of his ability. We must presume he did so. If he did not, then certainly he stands in a very unfavorable light here. Then, if he has tried these ques-- tions once and has been unsuccessful, ought he to be allowed to experiment with some other tribunal, and thus set up one judge against another? He has had his day in court. The two actions were pending at the same time. It would seem that both might have been tried when one was. The same plaintiff controlled both.

When Wiswall assigned to Collins, and Collins was substituted, it was not necessary that he should add the word "assignee" to his name. And if he did so, that act did not make the litigation any the less his own.

In *Bates* v. *Stanton* (1 Duer, 87) the court, speaking of the rule which makes a prior judgment conclusive, says: "It is a mistake to suppose that the term 'parties' * * * is restricted to those who are parties upon the record. On the contrary, it includes all who have a direct interest in the subject-matter of the suit; a right to make a defense or control the proceedings." Applying that language to this case, we see that Collins was not only a party upon the record of the former judgment, but that he had a right to control the proceedings therein.

Of course, it is easy to suggest a case in which the former adjudi- cation might have depended solely upon the representative character of the party, and in which, therefore, there could be no decision as to a right or a liability in a character not representative. Such is *Hall* v. *Richardson* (22 Hun, 444). But nothing of that kind exists here. This plaintiff was not defeated in the former action for any defect in his right to bring the action. He was defeated because facts were decided which would defeat the present action. There- fore, the controversy is *res adjudicata.*

Some cases are cited which are supposed to hold a contrary view. (*Jackson* v. *Mills*, 13 Johns., 463.) The question of *res adjudicata* did not arise in that case. Nor did it arise in *Sinclair* v. *Jackson* (8 Cow., 565), nor in *Jackson* v. *Hoffman* (9 id., 271). The question was not involved in *Rathbone* v. *Hooney* (58 N. Y., 463). The

court held that the plaintiff's title was consistent with the foreclosure suit, and that the " validity of the mortgage, as a mortgage of the trust estate, was not, and could not, have been adjudged in the fore-closure suit." If this is so, then there was no *res adjudicata.* It is true that the court afterwards makes an *obiter* remark, at page 467, that a judgment against a party sued as an individual is not an estoppel in a subsequent action in which he sues or is sued in another capacity or character, citing the cases just above mentioned, none of which have any reference to the question of *res adjudicata.*

How different the facts of that case are from those of the present will appear on examination. The court says : " The plaintiff was entitled to the judgment rendered (that is, the judgment in the fore-closure suit) wholly irrespective of that question." That is, the validity of the Brown mortgage as a charge on the trust estate. Now, could it be said, in this case, that the defendants in the former action were entitled to the judgment rendered, irrespective of the question of fraud in their conveyances, the question now in dispute ? Clearly not. They obtained their judgment by establishing against this plaintiff that the conveyances were not fraudulent. He ought not to try the facts again.

The remark of the court, above cited, may sometimes be true. At any rate, it does not apply to the present case. It is probably true where the second litigation involves rights or liabilities growing out of the new capacity. For instance, if A sued on a note and was defeated on the ground that it did not belong to him, he probably might afterwards sue as A, executor, etc., and prove that it belonged to him as executor.

But the question here is whether one who has sued simply as assignee and has been defeated, for the reasons stated in this case, can sue again in his own name, and can harass the defendants by compelling them again to defend their conveyances. We think not.

The judgment should be reversed and a new trial granted, costs to abide the event.

MAYHAM and KELLOGG, JJ., concurred.

Judgment reversed, new trial granted, costs to abide event.