COLLETT, C. J.
The bill must be identified as the one shown the witness, before it can be used in- evidence. If so identified,, it is evidence under the general issue. Where the first writ issued is not served, and an alias issue, the date of the first writ is the commencement of the -suit.
The defence offered in evidence a deed from the plaintiff to one Williams, for the place on which his father lived, reserving his mother’s dower, and to his father the use of the house, .&c., free of rent for his life, and a prior deed for the same land from the father to the son.
*Doane, for the plaintiff,
objected to this as incompetent.
Doane objected,
that the agreement was not in the deed, and that it could not be varied by parol. It is incompetent to show consideration out of the deed.
Doane, for the plaintiff, insisted,
that under the notice of the statute of limitations, the rule required of the defendant proof that the debt did not arise within the statute.
Olds contra.
COLLETT, C. J. The evidence is admissible — it shows the plaintiff’s admission that his father was to occupy free of rent, and the grant to him as an inducement for permitting it.
A witness was then called and asked about the agreement between the father and the son for the conveyance and the occupancy of the parents for life.
COLLETT, C. J. The plaintiff seeks to recover for the occupancy of the place upon an implied promise to pay rent — it is ■surely competent for the defendant to show an oral agreement, that he should occupy free to repel the legal inference. It is not inconsistent with the deed, but independent of it. A consideration different from that expressed in the deed may be shown by parol.
It was then proven, that the intestate gave the plaintiff, his youngest son, the place he lived on, worth $2,000, in 1821, upon condition that he paid for his father $500, and suffered him to use the house free of rent for his life. He voluntarily made the deed •on this agreement, and died in 1829.
COLLETT, C. J. to the jury. The house seems to have been furnished, and is to be paid for, and the debt accrued within six years; for that the plaintiff will be entitled to a verdict. The law requires •of the plaintiff, in proving his demand, to show, as near as may be, the time and place of the transaction; the time and place is a part of it; and if, upon the evidence, you are satisfied this transaction took place more than six years before the date of the writ, it is barred by the statute. It is not true, as urged by the plaintiff, that because this defence is let in under a notice instead of a plea, that the rule of evidence is changed. It is the same under the notice as under a plea — the party holding the affirmative is looked to for proof. The •objection here is, that the cause of action accrued within six years, and is with the plaintiff. The evidence is, that it was a good while *785 ago. The arrangement took place twelve or fifteen years ago.. The whole claims are with you on the evidence. The son did right in securing a house for his father and mother- — -he deserves credit *for that, but what does he deserve for now setting up a claim [757 for it against his father’s estate, while he holds the land as his. own?
Verdict for defendant.