## ECKLES & BROWN *vs.* CARTER.

| 26 | 563 |
| 117 | 610 |
| 26 | 563 |
| 135 | 158 |
| 26 | 563 |
| 136 | 507 |

1. The consideration clause in a bill of sale of a slave. though under seal, is open to explanation by parol evidence ; as, where a consideration in money is expressed, it may be shown to have been another slave.

2. On an exchange of slaves between plaintiff and defendant, the parties reciprocally executed bills of sale, under seal, containing warranties of soundness ; and plaintiff afterwards brought covenant to recover damages for defendant's breach of warranty : *Held,* that the defendant might recoup the damages which he had sustained by plaintiff's breach of warranty.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN GILL SHORTER.

ACTION OF COVENANT by Eckles & Brown against Hiram Carter, to recover damages for defendant's breach of warranty of the soundness of a slave. The bill of sale was under seal, and the consideration was expressed in it to be eight hundred and fifty dollars. The court below allowed the defendant, against plaintiffs' objection, to show by parol evidence that the consideration, though expressed in the bill of sale to be a sum of money, was another slave, which he had received in exchange from the plaintiffs,—that on making the exchange, mutual bills of sale under seal, containing covenants of warranty of soundness, were executed by himself and the plaintiffs, and that he had sustained damage by reason of the unsoundness of the slave which he had received on the exchange; and charged the jury, in effect, that he was entitled to recoup these damages in this suit. These rulings of the court, to which the plaintiffs duly excepted, are now assigned for error.

NAT. HARRIS, for the appellants :

1. Parol evidence was not admissible to show that the consideration for the slave conveyed by the appellants to the appellee was not, as expressed in the sealed bill of sale, eight hundred and fifty dollars, but another slave.—Toulmin v. Austin, 5 Stew. & Port. 420; Mead v. Steger, 5 Port. 498 (504) ; Hair v. La Brouse, 10 Ala. 548. In the case of Pettus v. Roberts, 6 Ala. 813, which is cited for the appellee, the re-

ceipt was not under seal; and the case of Saunders v. Hendrix, 5 Ala. 226, does not decide that a party can show a different consideration from that expressed in the deed. The result of the cases decided in this court, thus far, is, that when a receipt not under seal is given for money, it is permissible to show a different consideration than that expressed in it; but if the conveyance is by deed, it is not permissible to show a different consideration than that expressed.

2. The defendant was not entitled to recoup or deduct the damages which he had sustained, by reason of the unsoundness of the slave conveyed to him by the plaintiffs, from the damages which they had sustained by reason of the unsoundness of the slave which he had conveyed to them. The claim for damages did not originate in the same contract, and therefore the right to recoup did not exist.—Hatchett & Bro. v. Gibson, 13 Ala. 594; Seymour v. Davis, 2 Sandf. S. C. R. 240; Sedgwick on Damages, (2d ed.) p. 240.

JAMES L. PUGH, *contra* :

1. Parol evidence was admissible, notwithstanding the bill of sale was under seal, to show the true consideration.— Saunders v. Hendrix, 5 Ala. 224 ; Pettus v. Roberts, 6 *ib.* 811; McRea v. Purmort, 16 Wend. 460.

2. The defendant had a right to recoup his damages. The contract was entire, the covenants were dependent, and the damages sprung out of the same contract.—Greene v. Linton, 7 Port. 133; Hill v. Bishop, 2 Ala. 320; Hatchett v. Gibson, 13 *ib.* 587; Batterman v. Pierce, 3 Hill's (N. Y.) R. 171 ; Ives & McCarty v. Van Epps & Shattuck, 22 Wend. 155.

GOLDTHWAITE, J.—The action was on a covenant of warranty of soundness, in a sealed bill of sale of a slave. The consideration expressed in the instrument was eight hundred and fifty dollars; and parol evidence was admitted to show, that the real consideration was not money, but another slave. The action of the court in this respect is the ground of the first assignment of error.

In England it is settled, that the recital of the consideration money in a deed, in the absence of fraud, is conclusive upon the parties upon all questions arising out of the instru-

ment itself.—Shelley v. Wright, Willes 9 ; Cossens v. Cossens, *ib.* 25 ; Rountree v. Jacob, 2 Taunt. 141 ; Lampon v. Corke, 5 B. & Ald. 606 ; Baker v. Dewey, 1 B. & C. 704 ; Hill v. Manchester Water Works, 2 B. & Ad. 544 ; Lainson v. Tremere, 1 Ad. & El. 792 ; Bowman v. Taylor, 2 *ib.* 278. In the American courts, however, a different (and, as we think, a sounder) doctrine prevails ; and in every State in which the question has been made, with the exception of North Carolina (Graves v. Carter, 2 Hawks, 576; Speirs v. Clay, 4 *ib.* 22), it has been held, after some struggles and much discussion, that the consideration clause in a deed is not conclusive.— Schilinger v. McCann, 6 Greenl. 364 ; Tyler v. Carleton, 7 *ib.* 175; Emmons v. Littlefield, 1 Shep. 233; Burbank v. Gould, 3 *ib.* 119; Morse v. Shattuck, 4 N. H. 229; Pritchard v. Brown, *ib.* 397; Wilkinson v. Scott, 17 Mass. 249; Clapp v. Tirrell, 20 Pick. 247; Belden v. Seymour, 8 Conn. 304 ; Shephard v. Little, 14 John. 210 ; McRea v. Purmort, 16 Wend. 460 ; Weigley v. Weir, 7 S. & R. 311; Jack v. Dougherty, 3 Watts 151 ; Higdon v. Thomas, 1 Har. & Gill 139; Lingan v. Henderson, 1 Bland's Ch. 236-249 ; Duval v. Bibb, 4 Hen. & M. 113; Harvey v. Alexander, 1 Ran. 219; Eppes v. Randolph, 2 Call 103; Garrett v. Stuart, 1 McCord 514 ; 2 Hill's S. C. 404 ; Gully v. Grubbs, 1 J. J. Mar. 389; Hutchinson v. Sinclair, 7 Mon. 291-293; Steele v. Worthington, 2 Hamm. 182.

The general course of reasoning of the cases to which we have referred, is, that the amount, or character of the consideration, does not, when the deed itself is not attacked, affect its operation as to the estate conveyed, and is therefore not properly to be regarded as of the essence of the instrument, but is rather to be assimilated to its date, or such other recitals as have no bearing upon its effect ; to which the attention of the party is not supposed to be particularly directed, and to which, therefore, the principle of estoppels, in its strickness, does not apply.    All the cases concede, that the clause has the effect of preventing a resulting trust in the grantor, and that so far as it was intended by the parties to pass a right, they are concluded by it; and, also, that it is *prima facie* evidence of the consideration.    In some of the cases to which we have referred, the general doctrine is established, with the qualification, that the explanation must be confined

to the same species of consideration expressed in the deed; and in Brooks v. Maltbie, 4 S. & P. 96, it was held, that a deed, which upon its face purported to be a mortgage, and to have been given to secure a note, could not be shown to have been received in extinguishment of the debt. So, in Toulmin v. Austin, 5 S. & P. 420, it is said by Thornton, J., that extrinsic evidence is admissible to establish the consideration, provided it was not incompatible with the consideration expressed in the deed itself; and there is also a *dictum* of Collier, C. J., to the same effect, in Mead v. Steger, 5 Port. 507. In Saunders v. Hendrix, 5 Ala. 224, Ormond, J., says, that the acknowledgment in a deed that the consideration money has been received, is a mere receipt, and as much open to explanation as if endorsed on the back of the deed; and in Murphy v. The Br. Bank at Mobile, 16 Ala. 90, where the question arose on the trial of the right of property between the claimant and the grantee, it was held, that it was inadmissible to change the character of the deed by proving the consideration to be valuable instead of voluntary, as expressed in the deed.

Referring the decision in the case of Brown v. Maltbie to the admitted principle, that the clause is not to be inquired into for the purpose of changing the character of the instrument, and adopting the general doctrine of the American courts, that the consideration is not conclusive, the question is, whether, where the deed expresses a moneyed consideration of value, any other valuable consideration than money can be shown. On this question, the embarrassment which has been introduced into the cases arises, as we think, principally, from the want of precision and accuracy in the language of judges and text-writers. Mr. Phillips, for instance, in his work on Evidence, (3d American ed., vol. 2, p. 369,) speaking of the consideration of a deed being thrown open to inquiry by fraud in its execution, says, "in that case the party will not be allowed to prove any *other* consideration"; and he refers to Clarkson v. Hanway, 2 P. Wms. 203, and Watts v. Grove, 2 Sch. & Lef. But, on looking into these cases, it will be found, that in the first, the consideration attacked purported to be valuable, and the one offered to support the deed was a good consideration merely; and in the other case,

it was entirely inconsistent with that expressed in the instrument. So, in Bridgman v. Green, 2 Ves. 628 ; and (as is said by the authors to the notes to the work we have last referred to) we have not been able to find any English case, which, when the deed has been impeached, "has gone beyond the point of disallowing proof to show a consideration of a different species, so as thereby to change the nature of the deed." Cow. & Hill's Notes, part 2, 614. We can see good reason, where the instrument is attacked for fraud, for not allowing its character to be changed by evidence of an entirely different consideration; but where the deed is not impeached, we are unable to perceive any reason why any consideration, which is sufficient to support the deed, may not be shown. In such a case, we see no middle ground to occupy, and must either hold that the clause is conclusive, operating by way of estoppel, or must throw it entirely open to explanation. As is said in one of the cases to which we have referred, if it be allowable to prove that one thousand dollars was given, instead of five hundred, upon what principle is it that any other valuable consideration may not be proved as well as money? The reason and good sense of the thing are the same in each case. If the consideration is open at all, it should, we think, be treated as a mere receipt, and be governed by the same analogies, in every case where the deed is not attacked. This we understand to be the New York doctrine, as laid down in McRea v. Purmort, *supra;* and it is inferable from Morse v. Shattuck, and Belden v. Seymour, *supra.* It is, as we think, based upon sound principle, and meets the justice of the cases to which it is applicable.

Upon the other question there is no difficulty. The exchange of the slaves—the one in consideration of the other—was one transaction ; and that being the case, if the covenant of soundness in relation to the slave received by Carter was broken, he had the right to recoup the damages arising from the breach, against those which the other party complained of.— Hill v. Bishop, 2 Ala. 320; Hatchett v. Gibson, 13 Ala. 587; Batterman v. Pierce, 3 Hill (N. Y.) 171,

Judgment affirmed.