## THOMAS vs. BARKER.

[ACTION FOR BREACH OF SPECIAL CONTRACT.]

1. *Admissibility of parol to affect consideration clause of writing.*—In an action to recover damages for the breach of a special contract, by which the purchaser of a slave agreed with the vendor, at the time of the sale, to pay him one half of the profit which might be realized on a re-sale, in addition to the sum specified in the bill of sale as the consideration, parol evidence of such agreement is admissible, and does not contradict the bill of sale.

APPEAL from the Circuit Court of Dallas.,
Tried before the Hon. NAT. COOK.

THIS action was brought by Stephen B. Barker, against Benjamin R. Thomas, to recover damages for the breach of a special contract, by which the plaintiff sold a negro girl to the defendant at the price of $1100, and the latter agreed to pay plaintiff, in addition to the $1100, "one-half of what he might get for said girl on a re-sale, over and above $1100;" the alleged breach being, that the defendant re-sold the girl for $1400, and refused to pay plaintiff any part of the profit. On the trial, as the bill of exceptions shows, the plaintiff offered to prove by his own oath, (having given the statutory notice,) "that while he and the defendant were negotiating about the sale of the slave, he offered to take $1400 for her, but the defendant refused to give it; and that it was then agreed between them, that he would let defendant have the girl for $1100, *and that defendant would pay him one-half of whatever sum the girl might sell for over and above $1100.*" The defendant then produced the plaintiff's bill of sale for the slave, which was in the usual form, and which recited the receipt of $1050, "in full payment" for the slave; proved by the plaintiff, that this bill of sale and the alleged parol agreement were parts of the same transaction; and then moved to exclude from the jury that part of the plaintiff's proposed testi-

mony which is italicized.. The court overruled the motion, and refused to suppress the evidence ; to which the defend-- ant excepted, and which he now assigns as error.

ALEX. & JNO. WHITE, for appellant.
THOS. H..LEWIS, contra..

STONE, J.—"Evidence may be received of a considera-- tion not mentioned in a deed, provided it be not inconsis-- tent with the consideration expressed in it."—1 Greenl.. Ev. §§ 285, 304 ; Jeffrey v. Walton, 1 Stark. Rep. 267.— The proof in this case did not change the nature or legal effect of the writing : it only established an additional con- sideration, not mentioned in the deed, but yet not incon-- sistent with it. It was properly admitted.—Dixon v. Bar- clay, 22 Ala. 370 ; Eckles & Brown v. Carter, 26. Ala. 563 ; Hair v. Little, 28 Ala. 236.

Judgment affirmed.