# Wilkerson *v.* Tillman.

*Bill in Equity for Foreclosure of Mortgage.*

1. *Consideration of mortgage; admissibility of parol evidence.*—Under a bill to foreclose, or to redeem, the consideration of the mortgage debt is open to inquiry; parol evidence will be received, to show a want of consideration, or the failure or illegality of the consideration; also, to establish a consideration of the same kind, not inconsistent with that which is expressed. But, the mortgage being a security only for the debt which was in the contemplation of the parties when it was executed, parol evidence can not be received to show that it was intended to secure other debts, equally meritorious, then existing between them, unless under a bill to reform on the ground of fraud or mistake.

2. *Same.*—The consideration of the mortgage and secured note, as therein

[Wilkerson v. Tillman.]

recited, being a debt for advances made and to be made, to enable the mort-
gagors to make a crop; and it being shown, in defense of a bill to foreclose,
that the advances made during the current year were less than the amount
specified, and had been paid; it is competent for the mortgagee to show, by
parol, that a pre-existing debt, for advances made during the preceding year,
was also included in the secured note and mortgage.

APPEAL from the Chancery Court of Russell.

Heard before the Hon. N. S. GRAHAM.

The bill in this case was filed on the 27th August, 1879, by
William L. Tillman, against Shird Wilkerson and his wife;
and sought to foreclose a mortgage on a tract of land, with
other property, executed to the complainant by the said
defendants, a copy of which was made an exhibit to the bill.
The note which the mortgage was given to secure, as shown
by the exhibit to the bill, was dated "January, 1874," signed
by said Wilkerson and wife, attested by two witnesses, and
in these words: "On the first day of October, we promise to
pay to W. L. Tillman, or bearer, six hundred and eight
dollars, for provisions; hereby declaring that said provisions
were obtained from W. L. Tillman to enable us to make a
crop and support our families, and without such advances it
would be impossible for us to make a crop. It is agreed,
that the entire crop of 1874 shall be a lien and bound for the
payment of the within amount, with all costs and fees for
collecting; and it is further agreed, that if said amount is not
paid at maturity, W. L. Tillman or bearer shall take charge
of said property and crop, and sell at public outcry for cash;
and we further declare all of said property unincumbered,
waiving all exemptions of property by law, for value received."
The mortgage itself contained the following recitals and pro-
visions: "Know all men by these presents, that the note of
even date herewith, to W. L. Tillman or bearer, for the sum
of $608, due on the 1st day of October, 1874, was given for
advances in necessary provisions, horses, mules, farming
implements, and in money to purchase the same, obtained
by us from W. L. Tillman, *bona fide*, for the purpose of making
a crop, and that without such advances it would not be in
our power to procure the necessary teams, provisions, and
farming utensils to make a crop. And we also hereby declare,
that said advances, or the amount thereof, shall be a lien on
our entire crop grown on our plantation in Russell county,
Alabama, this year, to make which they were procured, and
on the stock furnished, or which we may buy with the money
so advanced. In consideration of said advances, and to
further secure the payment of the note above specified, we do
hereby grant, bargain, sell and convey to the said W. L. Till-
man the following described property," specifying the entire

crop of corn, cotton, &c., horses and mules, and a tract of land particularly described; authorizing the mortgagee to take possession and sell, if the note was not paid at maturity. "Upon this condition, nevertheless, that if said note is paid at maturity, this conveyance is to be void. And it is further agreed, that if said W. L. Tillman shall advance to the said S. Wilkerson and Ellen Wilkerson, during the present year, any money or provisions over and above the amount of said note, this instrument shall also stand as security for the same, as fully as if included·in said note."

The bill alleged that, at the time this note and mortgage were given, the defendants were indebted to the complainant, on account of advances made during the preceding year, the balance due being about $441, which was secured by the defendants' note and mortgage of former date; that "although not so expressed on the face of said new note and mortgage, still it was the *bona fide* agreement, understanding and intention, both of said defendants and complainant, before and at the time of the execution of the same as aforesaid, that said pre-existing debt of 1873, $441, should be included therein, as well as the amount intended for future advances, $167, and that both amounts should constitute the aggregate sum therein expressed, $608;" that the old note and mortgage were thereupon "considered as cancelled," and were indorsed *Renewed*, but, by some oversight, were not surrendered and cancelled in fact; that the amount advanced under the new note and mortgage largely exceeded $167, the sum·agreed to be advanced; and that the payments made by the defendants, after satisfying the old debt, left a balance of $81.81 to be credited on the note and mortgage sought to be foreclosed, and which was so credited. The answers denied this alleged agreement as to the former indebtedness, and alleged that the advances made under the note and mortgage sought to be foreclosed had been fully repaid; and they demurred to the bill, assigning the following as grounds of demurrer : "1. Complainant seeks to recover on a contract different from, and inconsistent with, the written contract and mortgage sued on and shown by the exhibit to the bill, without seeking to reform that mortgage, or alleging any fraud or mistake in its execution. 2. The mortgage sought to be foreclosed shows on its face that it was given for advances to make a crop for the year 1874; and yet the complainant, without asking to reform said mortgage, or alleging any fraud or mistake in its execution, seeks to recover an amount of over $400 due by a mortgage made in 1873, which is still in his hands, and which, as he alleges, was, by a parol contract with

[Wilkerson v. Tillman.]

one of the defendants, included in the said mortgage sought to be foreclosed."

The chancellor overruled the demurrer, and, on final hearing on pleadings and proof, rendered a decree for the complainant, for the amount due on the mortgage and secured note, as ascertained by the register under a reference, including the indebtedness of the mortgagees for former advances. The overruling of the demurrer to the bill, the final decree on the merits, and the overruling of the defendants' objections to evidence, are now assigned as error.

GEO. W. HOOPER, for appellant, cited Chitty on Contracts, 102–05 ; 1 Parsons on Contracts, 429 ; *Emery v. Chase*, 5 Greenl. 232 ; Gilpin, 329 ; 1 Johns. 429,506 ; *Cutter v. Reynolds*, 8 B. Mon. 595 ; *Mitchell v. Williamson*, 6 Indiana, 210 ; *Clarkson v. Hanway*, 2 P. W. 203 ; *Peacock v. Monk*, 1 Vesey, sr. 127 ; 7 Bro. P. C. 71 ; 2 T. R. 366 ; *Sanderson v. Piper*, 7 Scott, 408.

ULYSSES LEWIS, *contra*, cited and relied on *Forsyth v. Preer, Illges & Co.*, 62 Ala. 443.

BRICKELL, C. J.—The original bill was filed to foreclose a mortgage on lands, executed by the appellees on the 14th day of February, 1874, for the purpose, as recited, of securing a promissory note of even date therewith, made by the mortgagors, for the payment to the mortgagee, Tillman, of six hundred and eight dollars, on the ensuing first day of October. It is further recited, that the note " was given for advances in necessary provisions, horses, mules, farming implements, and in money to purchase the same, obtained by us from W. L. Tillman, *bona fide*, for the purpose of making a crop ;" and it is declared, " that said advances, or the amount thereof, shall be a lien on our entire crop grown on our entire plantation in Russell county, Alabama, this year, to make which they were procured, and on the stock furnished, or which we may buy with the money so advanced." The note, dated January, 1874, recites, as its consideration, *provisions*, and declares such provisions were obtained from W. L. Tillman, " to enable us to make a crop and supply our families, and without such advances it would be impossible for us to make a crop."

The defense is, that the note and mortgage were given as a security for advances to be made to the mortgagors (who were husband and wife), to enable them to make a crop, and to supply their family during the year 1874 ; that advances to the amount less than that specified in the note and mort-

[Wilkerson v. Tillman.]

gage were made, and that full payment of them had been made. The mortgagee claims, that the consideration of the note was not wholly and exclusively advances, but a pre-existing debt, contracted for former advances, which was included in the amount expressed in the note and mortgage. Whether this fact can be proved by parol, is the material point of controversy.

The point was not involved, nor was it considered, as is insisted by the counsel for the appellee, in *Forsyth v. Preer*, 62 Ala. 443. There, a promissory note was given for an aggregate sum, not reciting a particular consideration ; and a mortgage, merely describing it, was taken to secure its payment. · The consideration of the note was shown to be a pre-existing debt, and a sum intended to cover future advances, which it was contemplated the mortgagees would make, and which they in fact made the mortgagors. The mortgage was declared a valid security, not only for the pre-existing debt, but also for the subsequent advances.

Upon a bill to foreclose, or to redeem, the consideration of the mortgage debt is open to inquiry. Parol evidence will be received, to show a want, or failure, or illegality of consideration. It is also admissible, to establish a consideration of the same kind, and not inconsistent with that which may be expressed in the mortgage, or in the evidence of the debt when that is in writing. All contracts in writing, for the payment of money, import a valuable consideration ; and if they are silent as to the particular consideration, proof of any valuable consideration may be made by parol, without infringing the rule that written shall not be varied, altered, or added to, by parol evidence. The proof of the real consideration—that it was not only an existing debt, but future advances—in the case referred to, was merely proof the particular consideration, none being recited, and was not in contradiction of, or inconsistent with, the recital of a particular consideration. General recitals of consideration, in contracts, or conveyances of any kind, are not conclusive, and it is well settled that they are open to explanation by parol evidence.—2 Whart. Ev., § 1040.

There can be no question, now, that the consideration clause in a deed is open to the utmost latitude of inquiry, whether it is general or special in its recitals. The only limitation, which the authorities in this court have fixed, is, that the consideration shall not be altered in character—that the consideration proved, shall not be inconsistent with that recited. There may be a seeming difference of opinion, as to what is, or is not, inconsistent with the recitals of the deed ; some cases indicating that the recital of a particular, nega-

tives the existence of any other consideration, though it may be of the same character. The cases more especially directed to the point now under consideration, hold that, as the recital of the true, or of the whole consideration, is not essential to the validity of the deed, it is presumable that but little attention was given to its recitals in this respect ; and that when the ends of justice require it, the true or the whole consideration may be proved by parol.—*Eckles v. Brown*, 26 Ala. 563 ; *Thomas v. Barker*, 37 Ala. 392 ; *McGehee v. Rump, Ib.* 651 ; *Henry v. Murphy*, 54 Ala. 255.

In *McGehee v. Rump, supra,* it was said : " The decided weight of the modern authorities, as our after citations will show, is, that the consideration clause of a deed is open to the influence of parol proof, except for two purposes; first, it is not permissible for a party to prove a different consideration, if such change vary the legal effect of the instrument ; and second, the grantor in a deed, who acknowledges the receipt of payment of the consideration, will not be allowed, by disproving the fact, to establish a resulting trust in himself."

The argument of the appellant's counsel is, that the parol evidence is addressed, not solely to an explanation of the consideration of the note and mortgage, but that its real effect is to convert the mortgage from a security for the debt particularly expressed in it, into a security for another and different debt. The mortgage is a security for no other debt, than that which was in contemplation of the parties when it was executed. There may be other existing debts, of equal meritorious consideration ; but, if the parties did not intend the security of the mortgage to attach, it can not be extended to them ; nor could it be competent to show, by parol, that it was intended to embrace them, unless, on a bill to reform, it could be shown that their omission was by mistake or fraud. The evidence here, however, is intended to show that there was but one debt, of which the note described in the mortgage was the evidence, and that the consideration of the note was not only present and future advances, but also a pre-existing debt. There is no effort to attach the security to any other debt than that expressed, but to show a larger valuable consideration for the note, than advances present or future—a pre-existing debt. It is simply shown that there was another consideration for the note and mortgage, than that expressed, of the same kind, and as capable of supporting it. The legal effect and operation of the mortgage is not varied, nor are the relations of the parties changed.

The evidence showing that the mortgagors had made payments, equal to the advances received, they asserted and

claimed an extinguishment of the mortgage security. The answer is, that the advances have been paid, but the mortgage debt is not extinguished. Its consideration was not only the advances, but a pre-existing debt of a particular amount. The parol evidence was admissible; and we concur in the finding of the chancellor, that it shows satisfactorily that the consideration of the note and mortgage was not only advances, but the pre-existing debt, the validity of which is undisputed.

Affirmed.

