# Mobile & Montgomery Railway Co. v. Wilkinson.

## *Action for Breach of Special Parol Contract.*

1. *Parol evidence as to consideration of deed.*—The consideration clause of a deed is always open to unlimited explanation, except for two purposes: 1st, a party to the deed is not permitted to prove a consideration different from that expressed, if thereby the legal effect of the deed is varied; 2d, when payment of the consideration is recited in the deed, the grantor is not allowed, by disproving that recital, to establish a resulting trust in himself.

2. *Same.*—The owner of land having conveyed a lot to a railroad company, reciting in the deed, as its consideration, "one dollar" in hand paid, "and the benefits which will arise to the grantor from the ownership by the grantee of the property hereby conveyed," the deed does not estop him from showing, as an additional consideration, that the grantee verbally agreed to grade part of an adjacent lot belonging to the grantor, and to remove and rebuild that portion of his warehouse which was situated on the lot conveyed by the deed, and maintaining an action at law for the breach of such verbal agreement.

APPEAL from the Circuit Court of Butler.

Tried before the Hon. JAMES E. COBB.

BUELL & LANE, for appellant, cited *Mead v. Steger*, 5 Porter, 498; *Adams v. Thomas*, 54 Ala. 175; *Paysant v. Ware & Barringer*, 1 Ala. 160; *Beard v. White*, 1 Ala. 436; *Hair v. LaBrouse*, 10 Ala. 548; *Murphy v. Br. Bank*, 16 Ala. 90; *Evans v. Bell*, 20 Ala. 509; *Bryant v. Stephens*, 58 Ala. 636; *Couch v. Woodruff*, 63 Ala. 466; 1 Greenl. Ev. §§ 285, 304.

J. GAMBLE, and J. C. RICHARDSON, *contra.*

SOMERVILLE, J.—The question presented is one of estoppel, based on the recital of a particular consideration in a deed. In August, 1880, Wilkinson, the appellee, and his wife, conveyed to the appellant railroad company a certain lot, or parcel of land, in the town of Greenville. The consideration of the deed is recited to have been the sum of "one dollar" paid to the grantors, and "the benefits which will arise to the grantors from the ownership by the grantee of the property [therein] conveyed."

It was proposed by the plaintiff, on the trial, to show by parol testimony another consideration for the conveyance, *ad-*

VOL. LXXII.

*ditional* to the particular one recited in the instrument itself—viz., that the grantee, the Mobile & Montgomery Railway Company, through its authorized agent, also agreed, in consideration of the execution of the deed, to grade a certain portion of a vacant lot belonging to the grantor, adjacent to the one conveyed, and to remove and rebuild such portion of plaintiff's warehouse as was situated on the lot described in the deed. This alleged oral agreement is made the basis of the present action, and damages are claimed for its violation. The evidence of this additional consideration to the deed was admitted, against the objection of the defendant; and this ruling of the court is assigned for error.

We are of opinion, that the evidence was very clearly admissible. It was not obnoxious to the rule, that contemporaneous parol evidence is inadmissible to contradict or vary the legal effect of a written instrument. The purpose is not to assail the legal effect of the deed, which can be done only by varying the title conveyed, or character of estate granted, or qualifying the covenants assumed by the grantor.—*McGehee v. Rump*, 37 Ala. 631. The effect of the evidence is simply to prove a consideration not mentioned in the deed, additional to the one which is mentioned, and of the same general kind or nature,—each being valuable. The suit is not on the instrument, but on an alleged promise averred to be an omitted consideration for the execution of the instrument, being merely *incidental and collateral* to it.—*Davenport v. Mason*, 15 Mass. 85; *Swisher v. Swisher*, 1 Wright, 755; *Thomas v. Barker*, 37 Ala. 392.

Although the authorities are greatly in conflict, we think it may now be considered as the better doctrine, that *the consideration clause of a deed is always open to unlimited explanation*, "except for two purposes: first, it is not permissible for a party to the deed to prove *a different consideration*, if such change *vary the legal effect* of the instrument; and second, the grantor in a deed, who acknowledges the receipt of payment of the consideration, will not be allowed, by disproving that fact, to establish a *resulting trust* in himself."—*Henry v. Murphy*, 54 Ala. 246; *McGehee v. Rump*, 37 Ala. 631; *Wilkinson v. Scott*, 17 Mass. 249. Mr. Wharton says: "Where the recital *involves a contract*, it estops; if it does not involve a contract, it operates only as a unilateral general admission, and is open to explanation."—2 Whart. Ev. § 1040. It is said by Mr. Bishop, that "the consideration, which is not the promise of the parties with its special terms and limitations, but merely the thing of value whereby they were moved to make the promise, ought always to be open to inquiry by oral evidence. The better doctrine, certainly in principle, holds it to be so."

[Gatchett v. Warren & Burch.]

Bish. on Contr. § 65. These views are fully supported by the authorities, including the adjudged cases.—*Cowan v. Cooper*, 41 Ala. 187; *Mason v. Buchanan*, 62 Ala. 111; *Reader v. Helms*, 57 Ala. 440; *Henry v. Murphy*, 54 Ala. 246; *McGehee v. Rump*, 37 Ala. 651; *Thomas v. Barker*, 37 Ala. 392; *Eckles v. Carter*, 26 Ala. 563; 1 Bish. Contr. § 65; Bump on Fraud. Conv. 577, 579; 1 Greenl. Ev. § 281; 2 Whart. Ev. § 1042, *note* 7; *Goodspeed v. Fuller*, 46 Me. 147; *Quinby v. Stebbins*, 55 N. H. 422.

The judgment is affirmed.