Opinion by
Willson, J.

(Transferred from Austin. J

§ 3 2 6. Consideration of written instrument; parol evidence in relation to; rules as to. Whilst it is an elementary general rule that parol evidence is not admissible to contradict, qualify, extend or vary written instruments, and that the grantor in a deed, and his privies, are es-topped by the recitals therein, it is well settled by the great weight of authority, that this doctrine is not applicable to the consideration of a deed or other written instrument. In Goodspeed v. Fuller, 46 Maine, 141, it is said: “The only effect of the consideration clause in a deed is to estop the grantor from alleging that it was executed without consideration, and to prevent a resulting trust in the grantor. For every other purpose it may be varied or explained by parol proof. . . . The entire weight of authority tends to show that the acknowledgment of payment in a deed is open to unlimited explanation in every direction.” Mr. Wharton says: “Recitals of receipt,of purchase money stand on a distinct basis, it being held that, though they may be called particular, they may be varied or explained by the parties by parol proof. They partake in this respect of the nature of receipts, which are open to parol explanations.” [2 Whart. Ev. § 1042.] “ The right to explain is not confined to cases where consideration is recited. It applies to all cases of consideration whether recited or not. And generally, at common law, as between the parties to a written contract, the consideration may be attacked by the party against whom suit is brought on the instrument, and parol proof is admissible to assail the consideration seated; to show a consideration where none is recited, or vary that of which there is- a recital. . . . Parol evidence is also admissible to prove an extrinsic consideration varying that expressed.” [Id. § 1044.] *282 Mr. Greenleaf says: “Evidence may also be given of a consideration not mentioned in a deed, provided it be not inconsistent with the consideration expressed in it. ” [1 G-reenl. Ev. § 285.] And he further says, speaking of the rule which rejects parol evidence: “Nor does the rule apply in cases where the original contract was verbal and entire, and a part only of it was reduced to writing.’’ [Id. § 284a.] Mr. Abbott says that parol evidence is admissible “ to show that the consideration was different from that stated (except for the purpose of defeating the instrument), or that it was not paid, though payment was acknowledged.” [Abbott’s Tr. Ev. p. 295:]
Mr. Parsons says: “It has been held, quite generally, that, when the consideration is expressed in a written contract no other can be proved, unless there are words which indicate other considerations; because this would be an alteration of the contract aliunde. The same rule is said to be applied in equity, unless relief is sought against the instrument on the ground of fraud or mistake; but many decisions of weight allow the maker of a written promise, or of a deed, to prove other and additional considerations besides those expressed in the contract.” [2 Parsons’ Contracts, star p. 430, and cases cited in notes.'] To this author’s citations in support of the last proposition in his above quoted text, may be added the following other decisions: Strohauer v. Voltz, 42 Mich. 444; Dean v. Adams, id. 117; Parrer v. Smith, 64 Me. 74; Davenport v. Mason, 15 Mass. 85; Swisher v. Swisher, 1 Wright, 755; Quimby v. Stebbins, 55 N. H. 422; Barker v. Bradley, 42 N. Y. 320; Lewis v. Brewster, 57 Penn. St. 410; Holmes’ Appeal, 79 Penn. St. 279; Taylor v. Preston, id. 436; Lowe v. Thompson, 86 Ind. 503; Belden v. Seymour, 8 Conn. 312; Bullard v. Briggs, 7 Pick. 533; Pierce v. Brew, 43 Vermont, 295; Parker v. Foy, 43 Miss. 260; Rabsuhl v. Lack, 35 Mo. 316; Harper v. Perry, 28. Iowa, 63. See, also, 3 Wash. Beal Prop, p. 326, note 4. In a recent work on real property, it is said: “The acknowledgment of the consideration is only *283 prima facie evidence of the character and amount of the consideration. And if one is expressed, another consideration may be proved if it be not inconsistent with or contradictory of the one expressed. But no parol evidence will be admitted to prove that the consideration acknowledged in the deed was never paid, in order to invalidate the deed between the grantor and the grantee. The amount acknowledged is presumed to be the true consideration agreed upon; but this is not conclusive. In an action to enforce the payment of the consideration a different amount may be established by parol evidence, and the acknowledgment of the receipt of the consideration is no bar to its recovery. The recital of. a consideration in a deed is only conclusive as to the fact that there was a consideration to the deed.” [Tiedeman on Beal Property, § 801.] We think the same doctrine is established by the supreme court of this state. [Stramler v. Coe, 15 Tex. 211; Howard v. Davis, 6 Tex. 174; Gibson v. Fifer, 21 Tex. 260; Cox v. Bray, 28 Tex. 247; Eborn v. Cannon, 32 Tex. 231; Glenn v. Mathews, 44 Tex. 400; Thomas v. Hammond, 47 Tex. 42.] In the case at bar, appellant had sold and conveyed to appellee some town lots, reciting in the deed of conveyance a consideration of $4,500 cash in hand paid. Appellant brought this suit to recover of appellee a further consideration of some $300, alleging that this additional consideration was a part of the contract of sale, and was omitted from the deed at the request of appellee. The trial court sustained a demurrer to the petition of appellant, upon the ground that he was estopped from claiming and proving by parol any consideration other than the one recited in the deed. Held, error.
§ 327. Judgment by default; order setting aside will not be revised, tohen. Where a judgment by default is set aside by order of the court, at the same term of the court at which said judgment was rendered, such action of the court will not be revised on appeal, unless perhaps it should be made to appear that the court had abused *284 its discretion to the injury of the party complaining. [Sweeney v. Jarvis, 6 Tex. 39; Goss v. McLaren, 17 Tex. 117; Spencer v. Kennard, 12 Tex. 180; Puckett v. Reed, 37 Tex. 308.]
October 18, 1884.
Reversed and remanded.