# Hamaker v. Coons.

*Action to recover Damages for Breach of Bond for Title.*

1. *Proof of consideration of written instrument; admissibility of parol evidence.*—In an action founded on a written instrument, which recites a particular consideration, parol evidence is admissible to prove the true consideration, even though different from that recited, if by such proof the legal effect of the instrument is not changed.

2. *Bond for title; right of assignee.*— The assignee of a bond for title does not acquire any greater rights thereunder than his assignor had.

3. *Same; measure of damages for breach.*—The measure of damages for the breach of a bond for title, is the value of the real estate agreed to be conveyed at the time of the breach of the obligation; with interest thereon to the time of trial.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. D. D. SHELBY, Special Judge.

This action was brought by the appellant against the appellee. The complaint contained three counts. The second count was as follows : "2. Plaintiff sues to recover of the defendant the sum of one thousand dollars with interest thereon, for the breach of a contract in writing for the sale of land, made and entered into by defendant, on the 7th day of September, 1895, with one John J. Davidson in words and figures as follows, to-wit :

'The State of Alabama, } Know all men by these presents :
   Madison County.    }

That I, Joshua Coons, for and in consideration of the sum of one thousand ($1,000.00) dollars to me in hand paid by John J. Davidson, the receipt whereof is hereby acknowledged, have this day bargained and sold to the

said John J. Davidson, the following described lots or parcels of land, situated in the county of Lauderdale, State of Alabama, to-wit: Lots 5, 8 and 9 in block 565; lots 10, 11 and 12 in block 572; lots 5, 6 and 7 in block 578; lot 10 in block 579; lot 9 in block 583; lot 3 in block 555; according to survey made by Charles Beock, civil engineer for the Florence Land, Mining and Manufacturing Company, which said plot is of record in the office of the judge of probate of the county of Lauderdale, State of Alabama. I hereby agree to make and execute a valid deed of conveyance to the said John J. Davidson, for said lots herein described, within thirty days from this date. Witness my hand and seal, this the 7 day of September, 1895. Joshua Coons. Witness, T. W. Pratt.'

"Plaintiff avers that said contract has been transferred and assigned to her, by said Davidson by indorsement in writing, and is her property; and defendant has made breaches of said contract as follows, viz.: Plaintiff demanded of the defendant that he make and execute to her, as the transferee of said contract, a valid deed of conveyance for the lots described therein, and this demand was made upon defendant after the expiration of thirty days from the date of said contract, to-wit, the 7th day of September, 1895, and was so made in March, 1896, and defendant failed or refused to sign, make and execute a proper valid deed of conveyance to plaintiff for said lots, described in said contract, which said deed was then and there tendered to defendant by plaintiff with the request that he, the defendant, would execute said deed, to said lots, and defendant refused to do so. Whereby a right of action accrued to plaintiff, and she sues to recover damages for the breach of said contract, to-wit: one thousand dollars with interest thereon."

The defendant pleaded the general issue and several special pleas; but it is unnecessary to set them out in detail.

The facts of the case may be summarized as follows: On the 7th of November, 1894, one Herman Barditsky, of Florence, Alabama, procured, and there was issued to him by the United States, a patent for combination door, desk and trunk locks.

On the 26th of November, 1894, said patentee sold and conveyed to J. J. Davidson all his right, title and

interest in said patent, his interest being a one-third interest therein, the other two-thirds interest having been previously sold and transferred by said patentee to W. M. Bramlett.

On the 30th of July, 1895, W. M. Bramlett executed to said J. J. Davidson, his power of attorney, by which he authorized and empowered him to grant, bargain, sell or lease any part or all of his right, title and interest in and to said patent right, in any territory, and receive in payment therefor, money or lands, and to grant, bargain, sell and convey any lands, lots or property which he might receive in payment for any territory, and to do any acts for him, to carry on the business of selling said patent, agreeing to ratify and confirm all such acts as fully as if done by himself.

On the 2d of August, 1895, said Davidson executed to the parties therein named, an instrument in writing as follows : "Mr. J. J. Davidson, of Florence, Alabama, owner of the patent combination door, desk and trunk locks, having agreed to sell the right for the States of Illinois, Michigan, Wisconsin, Iowa, Minnesota and Indiana, excepting eight counties sold in the last named State, for the sum of six thousand dollars ($6,000), we, the undersigned agree to take the amounts set opposite our names, as soon as the entire amount of stock is subscribed." Then follows the names of T. W. Pratt, S. L. Whitten, John L. Rison, R. S. Halsey, W. I. Wellman, Joshua Coons, by T. W. Pratt, with $1,000 set opposite the names of each subscriber. Said paper is indorsed as follows : "For value received, I hereby transfer and assign to Mrs. Annie L. Hamaker, the debt of one thousand dollars due me from Joshua Coons, as shown by the written contract, with all my rights and remedies for its enforcement, without recourse on me. This 27th day of February, 1896 ;" (Signed.) J. J. Davidson.

On the 7th day of September, 1895, the defendant, Joshua Coons, for the recited cash consideration of $1,000, sold to said J. J. Davidson, twelve lots in the town of Florence, Ala., the numbers of the lots and blocks in which they lay being given, and executed to him his bond for titles therefor, which bond, after reciting the sale and describing the lots, concludes : "I hereby agree to make and execute a valid deed of con-

veyance to the said John J. Davidson for said lots herein described within thirty days from this date;" dated and signed "Joshua Coons." Witness "T. W. Pratt." Said paper is indorsed as follows : "For value received, I hereby transfer and assign to Annie L. Hamaker, the within contract, with all my rights and remedies for its enforcement, this the 27th day of February, 1896, without recourse on me. J. J. Davidson."

On the 30th of September, 1895, the said Wm. M. Bramlett and J. J. Davidson, for the recited consideration of $6,000, to them in hand paid, as the conveyance recites, sold and assigned to said T. W. Pratt, S. L. Whitten, John L. Rison, R. S. Halsey, W. I. Wellman, and Joshua Coons, (the parties named in the foregoing agreement of said Davidson to sell the same to them the same patent right) all their right, title and interest in said invention, in the States of Illinois, Michigan, Wisconsin, Iowa, Minnesota and Indiana, except eight counties in the last named State (names of which are given), which had been previously sold.

It was shown by plaintiff, that after the expiration of the thirty days named in said bond, within which defendant agreed to execute titles to said lots, the said Davidson applied to the defendant, to execute to him a deed to the lots described in defendant's bond for title, to which request defendant replied he did not have the title to the lots, and could not make a conveyance ; and thereafter on the same day, that said Davidson transferred said bond of defendant for title to the plaintiff, without recourse on him, viz., on the 27th day of February, 1896, said Davidson and his wife, duly executed and delivered to plaintiff, a quit claim deed in which, for the recited consideration of $200 in cash paid, and other valuable considerations amounting to $700, they remised, released and quitclaimed to her, all their right, title and interest, that he had in said contract of sale executed to him by the defendant on the 7th of September, 1895, for the lots therein described, the intention of the conveyance being, as therein recited, to invest the plaintiff with all of the legal and equitable interest of the said Davidson and his wife in and to said lots, which are described, as in defendant's bond for title therefor.

The plaintiff's evidence further showed, that on or about the 12th of March, 1896, she prepared and ten-

dered to the defendant a deed in due form to be executed by him conveying said lots to her, in consideration of his obligation on his bond for title to execute the same, in consideration of $1,000 paid to him by said Davidson, and the defendant declined to sign the same, saying that he had failed to get the title to said lots.

The plaintiff also introduced a power of attorney, dated the 7th of May, 1896, which was duly executed by the defendant and his other associates in the purchase of the right to said invention in the States above named, to one C. T. Robinson—void after three months—for them and in their names to sell said patent right in said States to any person or persons and to make and execute all contracts and collect all money in and about the execution of said power.

And she also introduced a contract in writing between the defendant and his said associates and the said C. T. Robinson, dated April 1, 1896, in which the said parties represented themselves to be partners and the sole owners of said patent right in said States, agreeing, in consideration that said Robinson would pay his own expenses and devote his time to the sale of said patent in the territory described; that on all sales effected by him, within the next succeeding four months, he should be taken in as an equal partner, and as such, should receive one-seventh of the original cost of each State, that is, $1,000, and in addition thereto, to receive one-half of all he might get from any and all of the States over and above the original price of $1,000.

It was shown without conflict, that the true and only consideration on the part of defendant for the subscription of $1,000, in the purchase by him and his associates of said patent right, was the twelve Florence lots of land, and that it was never contemplated or agreed that defendant was to pay the $1,000 in money. The defendant and said Davidson, each, so testified.

It was further shown, that the other subscribers discharged their subscriptions by the conveyance of lots, except Rison, who paid $1,000 in cash; that the plaintiff had paid only $40 on the conveyance of Davidson to her, dated February 26, 1896, and agreed to pay the balance, which she has never done.

Three witnesses testified to the value of the Florence lots,—the defendant that they were worth from $5 to

[Hamaker v. Coons.]

$10 ; T. W. Pratt, one of the subscribers, from $15 to
$30, and Davidson, from $30 to $40, each.

The defendant testified, that he was to convey the
Florence lots, as soon as he acquired the title, for one-
sixth interest in the territory sold to him and associates ;
that it was expressly agreed between him and Davidson
that he should not pay $1,000 in money, or any other
sum in cash, and that the lots were the entire and only
consideration for the subscription ; that Davidson told
him, each of the other subscribers had paid $1,000 in
money, which fact Davidson denied ; that the attorney
for plaintiff tendered him the deed to be executed to
plaintiff, which he declined to do, as the title had not
been procured by him, and he did not know that he had
any right to make the deed to Mrs. Hamaker ; that
Davidson had several times before asked for the deed,
and he always told him that the title had not been per-
fected, and, that, on or about the 12th November, 1896,
after arranging the title, he tendered the plaintiff a deed
for the lots, in accordance with his agreement with said
Davidson, which deed he offered in evidence.

The cause was tried by the court without the inter-
vention of a jury, and upon the hearing of all the evi-
dence, the court rendered judgment in favor of the
plaintiff, assessing his damages at $360. To this find-
ing and judgment the plaintiff duly excepted. The
plaintiff brings the present appeal, and assigns as error
the several rulings of the trial court to which exceptions
were reserved.

JAMES H. BRANCH, for appellant.—As assignee of the
bond for title, the plaintiff properly sued in her own
name.—Code of 1886, §§ 1762, 2594 ; Skinner v. Bedell,
32 Ala. 47 ; Bedell v. Smith, 37 Ala. 620 ; Flexner v.
Dickerson, 65 Ala. 129.

For the breach of a bond for title the measure of
damages is "the purchase money, interest and costs."
Snodgrass v. Reynolds, 79 Ala. 452 ; Kingsbury v. Milner,
69 Ala. 502 ; Bibb v. Freeman, 59 Ala. 612 ; Merritt v.
Hawkins, 109 Ala. 261 ; Copeland v. McAdory, 82 Ala.
560 ; Brooks v. Black, 24 Amer. St. Rep. 267.

MILTON HUMES and LAWRENCE COOPER, contra.—The
rule is well established, that if one contracts with another

[Hamaker v. Coons.]

for the delivery of goods at a particular day, to be then
paid for, the measure of damages is the value of the
goods at that time.—*Rowland v. Shelton*, 25 Ala. 217.
The measure of damages for the breach of a bond, con-
ditioned for the conveyance of the title, is the value of
such title, at the time it was to be conveyed, with in-
terest.—*Pinkston v. Huey*, 9 Ala. 252 ; *Marshall v. Haney*,
59 Amer. Dec. 92 ; *Cummins v. Kennedy*, 14 Amer. Dec.
45 ; 1 Brick. Dig., 315, § 124.

. The consideration of sale as the basis of recovery for
the breach of covenants is open to proof. The state-
ment of the consideration does not preclude other proof
or even parol evidence of the actual consideration, al-
though it may establish a different one from that men-
tioned in the deed or contract.—2 Sutherland on Damages,
260. The acknowledgment in the body of a deed of the
payment of the consideration operates as a mere receipt,
and is open to explanation or contradiction.—*Saunders
v. Hendricks*, 5 Ala. 224 ; *Fitzpatrick v. Harris*, 8 Ala. 32.

HARALSON, J.—1. The pleas of the defendant, of
a want or failure of consideration and fraud in procur-
ing the subscription, and the non-ownership of the cause
of action sued on, need not be considered, as the evi-
dence without conflict does not sustain them.

Adopting the view of the counsel on both sides in
their arguments on file, and the course the trial took, it
is evident the case was tried alone on the second count
in the complaint. It was shown, without any conflict
in the evidence, the causes of action in the 1st and 3d
counts, are identical with that in the second. They all
relate to the same. transaction. The defendant swore
that it was expressly agreed between him and Davidson,
the plaintiff's transferer, that he should not pay $1,000
in money to satisfy his subscription of that sum as a
joint purchaser of said patent right, and that the twelve
Florence lots were the entire and only consideration for
said subscription. The evidence of T. W. Pratt, one of
the subscribers, a witness for defendant, and that of J.
J. Davidson, examined by plaintiff, fully corroborated
defendant's evidence as to this fact.

It was objected by plaintiff to all the evidence intro-
duced to establish this fact, that it contradicted the.
paper writing of subscription. But the several assign-

ments of error on this ground are without merit. "The consideration of contracts in writing is in general open to inquiry, and it is not an infringement of the rule excluding parol evidence, to add to, vary, or contradict writings, to receive parol evidence of the actual consideration, for the purpose of determining its validity, or its failure, or that from any cause it is sufficient or insufficient to support the contract."—*Ramsay v. Young*, 69 Ala. 157; *Davis v. Snider*, 70 Ala. 315. When the legal effect of a deed is not to be varied by proof of a consideration different from that expressed, and when the object is not to establish a resulting trust in the grantor, it is a familiar principle, that the consideration clause of a deed is always open to unlimited explanation; and that an acknowledgment of the payment of the consideration is considered as a receipt for money merely, and is open to explanation by parol as any other receipt is.—*M. & M. Railway Co. v. Wilkinson*, 72 Ala. 286; *McGehee v. Remp*, 37 Ala. 651; *Eckles v. Carter*, 26 Ala. 563; *Sanders v. Hendrix*, 5 Ala. 224.

2. The plaintiff acquired from Davidson, her transferer and grantor, no greater rights than Davidson had against defendant. All the right Davidson had against him on account of the sale to him of a sixth interest in the patent right of said invention, was defendant's bond for titles to him for the twelve Florence lots, executed the 7th September, 1895. This bond, Davidson transferred to plaintiff, without recourse, on the 27th February, 1896. Contemporaneously therewith, and as a part of the same transaction, said Davidson executed and delivered to plaintiff a quitclaim deed to said lots. There was thereby transferred to plaintiff all the rights, equities and remedies the said Davidson had, to enforce from defendant the damages for the breach of the contract of his title bond, and no more.— *Wood v. Holly Mfg. Co.*, 100 Ala. 327. In that bond, defendant stipulated, "I hereby agree to make and execute a valid deed of conveyance to the said John J. Davidson for said lots herein described, within thirty days from this date,"— the 7th of September, 1895. The defendant failed to comply with the condition of his bond; and before the institution of this suit, the plaintiff, to put him in legal default, caused to be prepared and presented to him for execution, on the 12th March, 1896, a deed in proper

[Hamaker v. Coons.]

form, conveying to her the title to said lots, which defendant refused to execute, for the alleged reason, that he did not, at the time, have the title in himself to convey.

3. It is well settled that the value of the land at the time of the breach of the obligation to convey, with interest thereon to the time of the trial, is the measure of damages the vendee is entitled to recover.—*Whitesides v. Jennings*, 19 Ala. 784; *Eads v. Murphy*, 52 Ala. 520, 527; *Snodgrass v. Reynolds*, 79 Ala. 452.

In order to show the value of these lands, the defendant proposed by three witnesses to prove the value of the lots described in said bond for titles. The plaintiff objected to such proof. The objection interposed to the evidence as and when offered by the first witness was general, when by the second, that it was immaterial, and when by the third, that it was illegal and irrelevant. The court overruled these objections and allowed the witnesses to state, the one, that they were worth from $5 to $10; the other, from $15 to $30, and the last one, from $30 to $40 each. Appellant's counsel in argument disclose the real ground of objection to be, that the measure of damages for the breach of the title bond is the sum of $1,000, and not the value of the lots agreed therein to be conveyed. As we have seen, the real consideration of the bond was not $1,000 in money, but the twelve lots agreed therein to be conveyed. There was no error in overruling the objections to this evidence; the damages recoverable for the breach of the bond being the value of the lots at the time of its breach, with interest.—Authorities *supra*.

The court evidently took this view of the law, and gave judgment for plaintiff for $360. We are not advised by what process this sum was ascertained, but on examination of the evidence, we are unable to discover that the court erred in this estimate of damages, and approve it as being a correct finding.

Affirmed.