(101 So. 830)

### BAKER v. HORSLEY. (4 Div. 151.)

(Supreme Court of Alabama. Oct. 23, 1924. Rehearing Denied Nov. 27, 1924.)

**1. Trial ☞251(4)—Instruction held departure from issue tendered by special plea.**

Where a plea set up an oral agreement to accept conveyance of land in satisfaction of debts, instruction basing verdict for defendant on recitals of deed as to its consideration *held* a departure from issue tendered by special plea.

**2. Appeal and error ☞1066—Instruction departing from issue tendered by special plea held not error where general issue was pleaded.**

Instruction in detinue predicating verdict for defendant on matters other than those set up by special plea *held* not erroneous, where the general issue was pleaded, as any matter tending to disprove plaintiff's title could be shown thereunder.

**3. Evidence ☞419(2)—Recital in deed as to consideration for its execution held not subject to contradiction or alteration by parol evidence.**

Deed, which recited that consideration was the release and cancellation of notes, mortgages, or other claims against grantor, *held* not subject to contradiction or alteration by parol evidence that only part of claims were to be released; recital being a contractual obligation imposed upon grantee.

**4. Appeal and error ☞1033(5)—Appellant could not complain of irrelevant matter in instruction beneficial to him.**

Plaintiff could not complain that instruction contained irrelevant qualification favorable to him.

**5. Appeal and error ☞1050(1)—Erroneous admission of evidence not affecting jury's conclusion on controlling issue held not reversible.**

The erroneous admission of evidence which could not reasonably affect jury's conclusion on controlling issue *held* not reversible.

Appeal from Circuit Court, Dale County; J. S. Williams, Judge.

Action in detinue by J. E. Baker against G. W. Horsley. From a judgment for defendant, plaintiff appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

W. S. Huey, of Enterprise, and Sollie & Sollie, of Ozark, for appellant.

Recitals in a deed having to do only with its consideration do not estop the grantor, and the rules of evidence do not prohibit contradiction of them by parol proof. Clark v. Johnson, 155 Ala. 648, 47 So. 82; Jones v. Peebles, 130 Ala. 269, 30 So. 564; Hall v. Henderson, 126 Ala. 449, 28 So. 531, 61 L. R. A. 621, 85 Am. St. Rep. 53; Gulf Red Cedar Co. v. Crenshaw, 169 Ala. 606, 53 So. 812; Winkles v. Powell, 173 Ala. 46, 55 So. 536; Baird v. Howison, 154 Ala. 359, 45 So. 668; Blair v. Williams, 159 Ala. 655, 49 So. 71; Card v. Ozement, 187 Ala. 237, 65 So. 792; Millitello v. Roden, 190 Ala. 675, 67 So. 420; Wells v. Parker, 200 Ala. 166, 75 So. 914; Dancy v. Ratliff, 201 Ala. 162, 77 So. 688; Dixie I. Co. v. Atlas L. Co., 202 Ala. 562, 81 So. 64; Lackland v. Turner, 207 Ala. 73, 91 So. 877; W. U. Tel. Co. v. Long, 148 Ala. 202, 41 So. 965. The consideration expressed in a deed is a mere receipt, and open to explanation. Saunders v. Hendrix, 5 Ala. 224; Fitzpatrick's Adm'r v. Harris, 8 Ala. 32; Eckles v. Carter, 26 Ala. 563; McGehee v. Rump, 37 Ala. 651.

H. L. Martin, of Ozark, for appellee.

Brief of counsel did not reach the Reporter.

SOMERVILLE, J. [1] The action is in detinue for the recovery of chattels claimed under two mortgages executed by defendant to a third party, and by him transferred to plaintiff.

Defendant had previously purchased land from plaintiff, receiving a deed therefor, and executing to plaintiff his promissory notes for the purchase money, $3,840. Plaintiff was pressing for the payment of this note, and, pending a foreclosure proceeding, he acquired by purchase and transfer the chattel mortgages referred to.

Besides his plea of the general issue, defendant pleads specially that he made an agreement with plaintiff to deed the land back to plaintiff in consideration of the cancellation and satisfaction by plaintiff of the said land note and the said note or notes acquired by purchase, as aforesaid; that he in fact executed a deed conveying the land to plaintiff, which was accepted by him "as per the agreement made by and between them"; and "that the consideration of said deed was the release or cancellation of the notes or note which is the foundation of this suit."

The parol evidence was in conflict as to the consideration for the execution of the deed. Plaintiff's contention was that it included the cancellation and release of the land notes only, and defendant's contention was that it included all the notes of defendant held by plaintiff. The deed itself was not produced at the trial, but the evidence was practically without dispute that the consideration recited therein was "the release and cancellation of the notes, mortgages, or other claims that the said J. E. Baker holds against the said G. W. Horsley."

At defendant's request, the following instruction was given:

---

"If the jury is reasonably satisfied, after considering all the evidence in this case, that Baker accepted the deed from Horsley and thereafter made a bond for title to Merriweather binding himself to convey said land to Merriweather and placed himself where he could not put Horsley where he was before the deed was made by Horsley to him, then the verdict of the jury must be for the defendant if the evidence shows that the deed recited as its consideration for its execution and delivery to Baker that said Baker was to release and cancel all notes, mortgages, and claims he held against Horsley."

This instruction, it is true, is a departure from the issue tendered by the special plea. That plea sets up an oral agreement, and avers that the deed of reconveyance was accepted by plaintiff in accordance with that agreement, and not in accordance with the recitals of the deed. The plea seeks, therefore, to conclude the plaintiff by the terms of the oral agreement, and, moreover, contains no averment of estoppel upon him by reason of his sale of the land to a third party whereby he was disabled to return the land to defendant. That fact is, indeed, irrelevant to the issues of the case—since no question of rescission is involved—except as it tends to show that plaintiff accepted the deed as a proper execution of the terms of the preliminary oral agreement.

[2] If the special plea had been the only plea interposed, we would agree with counsel for appellant that the instruction complained of was erroneous. But the general issue also was pleaded, and under it any matter showing an absence of title in plaintiff was available to defendant, including estoppel in pais or by deed. Knight v. Garden, 196 Ala. 516, 71 So. 715; Traun v. Keiffer, 31 Ala. 136.

[3] The decisive question in the case was whether the statement of the consideration upon which defendant reconveyed the land to plaintiff, as recited in the deed executed by defendant to plaintiff—if the deed was accepted by plaintiff—could be contradicted by parol evidence showing that only certain of the notes and mortgages held by plaintiff against defendant were intended to be canceled, and not all of them, as recited.

In Wilkerson v. Tillman, 66 Ala. 532, 536, this court said, per Brickell, C. J.:

"There can be no question, now, that the consideration clause in a deed is open to the utmost latitude of inquiry, whether it is general or special in its recitals. The only limitation, which the authorities in this court have fixed, is that the consideration shall not be altered in character—that the consideration proved, shall not be inconsistent with that recited. There may be a seeming difference of opinion, as to what is, or is not, inconsistent with the recitals of the deed; some cases indicating that the recital of a particular, negatives the existence of any other consideration, though it may be of the same character. The cases more especially directed to the point now under consideration, hold that, as the recital of the true, or of the whole consideration, is not essential to the validity of the deed, it is presumable that but little attention was given to its recitals in this respect; and that when the ends of justice require it, the true or the whole consideration may be proved by parol. Eckles v. Carter, 26 Ala. 563; Thomas v. Barker, 37 Ala. 392; McGehee v. Rump, Id., 651; Henry v. Murphy, 54 Ala. 255."

This principle has been repeated and applied in innumerable cases, and we have it clearly in mind. But "where the statement in a written instrument as to the consideration is more than a mere statement of fact or acknowledgment of payment of a money consideration, and is of a contractual nature, as where the consideration consists of a specific and direct promise by one of the parties to do certain things, this part of the contract can no more be changed or modified by parol or extrinsic evidence than any other part, for a party has the right to make the consideration of his agreement of the essence of the contract, and when this is done the provision as to the consideration for the contract must stand upon the same plane as the other provisions of the contract with reference to conclusiveness and immunity from attack by parol or extrinsic evidence." 22 Corpus Juris, 1171, 1172, § 1569, citing, among many other cases, Able v. Gunter, 174 Ala. 389, 57 So. 464.

The recital in the deed before us was in effect a contractual obligation imposed upon the grantee—a specific undertaking by him, if he accepted the deed, to do something of advantage to the grantor, viz., to cancel all the notes and mortgages held by him against the grantor. It was not a mere memorandum of something done to support the conveyance, nor was it in any sense a receipt.

We hold therefore that it falls within the rule last stated, and cannot be contradicted or altered by parol evidence.

[4] In this view of the matter, the instruction was free from error; the qualification attached being, though irrelevant, favorable to appellant.

[5] Appellant complains of several rulings on the evidence; but we deem a decision on those points unnecessary, since the testimony involved had no bearing on the controlling issue in the case, viz., the acceptance, vel non, of the deed by the plaintiff Baker, and could not have reasonably affected the conclusion of the jury on that issue. If therefore error in the rulings were conceded, we would not reverse the judgment on that account.

Finding no prejudicial error, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.